OPINION
{¶ 1} Defendant-appellant, Raymond Harlow, Jr. (hereinafter "Harlow"), appeals the judgment of the Union County Court of Common Pleas finding him guilty on twelve counts of Non-Support of Dependants, in violation of R.C. 2919.21(B), and sentencing him to six years imprisonment.[1]
 {¶ 2} On September 23, 1995, Harlow was ordered to pay $56.25 per week in child support for his four children: Anthony, Allen, Rachel and Ronald. Harlow repeatedly failed to pay and on September 27, 2001, a grand jury indicted him on twelve counts of Non-Support of Dependants. The indictment represented Harlow's failure to pay support for each of his four children for three two-year periods: March 30, 1995 to January 4, 1997, January 5, 1997 to January 5, 1999 and January 6, 1999 to January 6, 2001, pursuant to R.C. 2919.21.[2]
 {¶ 3} Harlow entered a guilty plea to all twelve counts and was sentenced to three years community control. Pursuant to the terms of his community control, Harlow was ordered to make restitution in the amount of $20,320.29 for the arrearages in child support and obey all federal, state and local laws. Additionally, Harlow was advised that in the event he violated any of the terms of his community control, the court could impose additional sanctions or a prison sentence of up to 144 months.
 {¶ 4} On May 9, 2004, Harlow was arrested for Disorderly Conduct by Intoxication. A Notification of Alleged Community Control Violation was subsequently filed with the trial court. The notification alleged that Harlow had been arrested, failed to report his arrest to his supervising officer, consumed alcohol and, since November 2003, failed to pay restitution and child support.
 {¶ 5} A hearing was held on June 8, 2004 and Harlow admitted the community control violations. The trial court entered its journal entry on sentencing June 8, 2004 and imposed a six month term of imprisonment on each of the twelve counts of non-support from the original indictment. The trial court ordered the terms to be served consecutively, for an aggregate sentence of six years.
 {¶ 6} It is from this decision that Harlow appeals, setting forth three assignments of error for our review. For clarity of analysis, we have combined the first and second assignments of error.
 ASSIGNMENT OF ERROR NO. I The courts [sic] conviction and sentencing for 12 counts of nonsupportwas error as it was contary [sic] to law.
 ASSIGNMENT OF ERROR NO. II The court comitted [sic] error by not finding that each of the countswere crimes of similar import and should have merged for sentencingpurposes.
 {¶ 7} In his first assignment of error, Harlow alleges error in his original indictment for twelve counts of non-support. He asserts that he was ordered to pay support for his four children only one time and that he committed only one violation when he failed to obey the order of the court. He acknowledges that since he had four children, he could have lawfully been indicted for four counts of non-support, but, argues that a count of non-support for each child for each of three two-year periods he was delinquent was contrary to law. In his second assignment of error, Harlow claims that all twelve counts in the indictment constitute allied offenses of similar import and should have merged for sentencing purposes.
 {¶ 8} Before review, we must first determine whether Harlow's first and second assignments of error are properly before this court. We discern that, in reality, Harlow attempts to challenge the sentence imposed for his violation of the terms of his community control by arguing that the underlying indictment and conviction were flawed.
 {¶ 9} The record indicates that Harlow pled guilty to all twelve counts in the underlying indictment on December 4, 2001 and, on January 4, 2002, was sentenced to three years community control for violating the child support order of the trial court. There is no indication in the record that Harlow ever appealed this conviction or sentence.
 {¶ 10} App.R. 4(A) states that "a party shall file the notice of appeal required by App.R. 3 within thirty days of the * * * entry of the judgment or order appealed[.]" Since Harlow failed to appeal his originalsentence within the mandated time period, the judgment entered on January 4, 2002 became final.
 {¶ 11} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from thatjudgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant on an appeal from that judgment.State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 12} Accordingly, because Harlow could have raised the errors alleged herein in a direct appeal from the original sentence, the doctrine of res judicata prevents us from addressing these errors at this time. State v. Crutchfield (Feb. 8, 2002), 3d Dist. Nos. 11-01-09, 11-01-10, 2002-Ohio-568, citing State v. Lawrence (May 14, 2001), 3d Dist. No. 13-01-01.
 {¶ 13} Harlow's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III The lower court committed error when it sentenced the defendant tomaximum consecutive sentences.
 {¶ 14} In this assignment of error, Harlow asserts the trial court erred in sentencing him to the maximum twelve-month term of imprisonment for a fifth degree felony and further erred by ordering that the sentences be served consecutively. As pointed out supra, Harlow's contention that he was sentenced to the maximum term of imprisonment is incorrect. The judgment entry on sentencing reflects that Harlow was sentenced to six months on each of twelve counts. Six months is the minimum term of imprisonment for a felony of the fifth degree. Accordingly, we will only address Harlow's claim that the record does not support the imposition of consecutive sentences.
 {¶ 15} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with the aforementioned sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when required, articulate on the record the particular reasons for making those findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 16} Pertinent to Harlow's case, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19 before consecutive sentences may be imposed. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
 (c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 17} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA21.
 {¶ 18} An appellate court may increase, reduce, modify or vacate a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2)(a) and (b); see also, Martin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims. State v. Jones
(2001), 93 Ohio St.3d 391, 400.
 {¶ 19} At the sentencing hearing, the trial court, in the case sub judice, stated:
* * *
There's been a prior history of criminal convictions, failure torespond favorably in the past to probation, failure to acknowledge apattern of drug or alcohol abuse as related to the offense, and no genuineremorse, and most weight is given to likely recidivism. The offense wascommitted while the offender was under a community control sanction, andweighing the seriousness and recidivism factors, a prison term isconsistent with the purposes of Revised Code 2929.11, and the offender isnot amenable to available community sanctions.
 * * *
 The Court finds that the shortest prison term would demean theseriousness of the offender's conduct, and would not adequately protectthe public from future crimes by the offender or others, and I wouldstate for the record that we've given you the benefit of everything wepossibly could do on community control, just that simple, you're nottaking advantage of it, so the Court orders you confined to the OhioDepartment of Corrections for 12 months on each of 12 counts ofnon-support of dependents, in violation of Ohio Revised Code Section2919.21(B), each of which is a felony of the fifth degree.[3] Thesentences will run consecutive to each other.
 {¶ 20} After reviewing the trial court's pronouncement at sentencing, we find that the trial court failed to make all of the findings necessary for imposing consecutive sentences, pursuant to R.C. 2929.14(E)(4). Specifically, the trial court failed to articulate that consecutive sentences would not be disproportionate to the seriousness of the offender's conduct and to the danger he poses. Moreover, the trial court did not state its reasons to substantiate the imposition of consecutive sentences.
 {¶ 21} Because the trial court did not make the findings required for imposing consecutive sentences, we must find that the imposition of consecutive sentences is contrary to law. Therefore, that portion of the trial court's judgment is hereby vacated. We affirm the trial court's imposition of a six month term of imprisonment, the minimum term of imprisonment for a felony of the fifth degree, on each of twelve counts of non-support and remand the matter solely for the trial court to determine whether the six month terms will be served concurrently or consecutively.
 {¶ 22} Accordingly, Harlow's third assignment of error is sustained.
 {¶ 23} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Bryant and Rogers, JJ., concur.
[1] Harlow was originally sentenced for twelve violations of R.C.2919.21, each violation a felony of the fifth degree. A felony of the fifth degree is punishable by six, seven, eight, nine, ten, eleven or twelve months imprisonment. One of Harlow's arguments is that he received the maximum sentence, twelve months, on each of twelve counts of Non-Support of Dependants, to be served consecutively and the state does not dispute this contention. After reviewing the record, however, we find that, although the trial court did impose an aggregate twelve year sentence at the sentence hearing, the trial court's journal entry on sentencing orders Harlow "confined to the Department of Rehabilitation and Corrections for a term of 6 months on each of twelve (12) counts of Non-Support of Dependants" to be served consecutively, for an aggregate of only six years. We note that "[a] trial court speaks only through its journal entry, not by oral pronouncement." Wilkin v. Wilkin (1996),116 Ohio App.3d 315, 318. Therefore, we recognize Harlow's sentence to be the six year term of imprisonment.
[2] R.C. 2919.21 provides that "if the offender has failed to provide support * * * for a total accumulated period of twenty six weeks out of one hundred four consecutive weeks [two years], then a violation of * * * this section is a felony of the fifth degree." Since Harlow had been delinquent for six years, he was charged with three violations for each of his four children.
[3] As previously noted, despite the trial court's oral pronouncement of twelve months on each count of nonsupport, The judgment entry on sentencing reflects the trial court sentenced Harlow to six months on each count, the minimum term, to be served consecutively.