OPINION
{¶ 1} Defendant-appellant, Nathaniel Byrd, Jr. (hereinafter "Byrd"), appeals the judgments of the Defiance County Court of Common Pleas revoking community control and re-imposing a fifty-one month prison term after he violated the terms of his judicial release.
 {¶ 2} On January 13, 2003, the Defiance County Grand Jury indicted Byrd on four counts of trafficking in cocaine and two counts of trafficking in crack cocaine. The charges were consolidated under Case No. 03-CR-08486, and Byrd pleaded "not guilty" to all six counts.
 {¶ 3} On June 9, 2003, the prosecution moved to amend the indictment. Thereafter, Byrd pleaded "guilty" to one count of trafficking in cocaine, a violation of R.C. 2925.03(A)(C)(4)(a)(b) and a felony of the fourth degree, and two counts of trafficking in crack cocaine, violations of R.C. 2925.03(A)(C)(4)(c) and felonies of the fourth degree.
 {¶ 4} During the pendency of Case No. 03-CR-08486, Byrd was indicted on one count of domestic violence, a violation of R.C. 2919.25(A) and a felony of the fifth degree. The case was assigned Case No. 03-CR-08610. Byrd initially pled "not guilty" but later changed his plea to one of "guilty."
 {¶ 5} On July 28, 2003, the trial court sentenced Byrd on both cases. In Case No. 03-CR-08486, the trial court imposed a prison term of seventeen months for each count, and ordered that each term be served consecutively for a total cumulative term of fifty-one months incarceration. In Case No. 03-CR-08610, the trial court imposed a prison term of six months but ordered that the term be served concurrent to Byrd's sentence in Case No. 03-CR-08486.
 {¶ 6} On September 9, 2003, Byrd filed a motion for judicial release. The trial court granted Byrd's motion, placed Byrd on community control, and reserved the right to re-impose the balance of the fifty-one month sentence if Byrd violated the terms of his release.
 {¶ 7} Byrd subsequently violated the terms of his release by committing a second domestic violence offense in violation of R.C.2919.25(A), which is a felony of the third degree. Thereafter, the prosecution moved to revoke Byrd's community control. On April 21, 2005, the trial court granted the motion and re-imposed the balance of the original fifty-one month sentence.[1]
 {¶ 8} It is from this decision that Byrd appeals and sets forth two assignments of error for our review. For clarity of analysis, we consider Byrd's first and second assignments of error together.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in imposing consecutive sentencing, in violationof Ohio sentencing law.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred by imposing consecutive sentencing withoutprovision of the right to a trial by jury on those facts necessary toimpose consecutive sentencing.
 {¶ 9} Although Byrd filed the instant appeal following the re-imposition of his fifty-one month prison sentence on April 21, 2005, the first and second assignments of error challenge the merits of the original sentence imposed on July 28, 2003.
 {¶ 10} App.R. 4(A) provides, in pertinent part, that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the * * * entry of the judgment or order appealed." Byrd, however, did not appeal his original sentence within thirty days. Moreover, Byrd did not properly request leave to a file a delayed appeal pursuant to App.R. 5(A) to challenge the original sentence. Consequently, the judgment entered on July 28, 2003 became final.
 {¶ 11} "The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant on an appeal from that judgment."State v. Harlow, 3d Dist. No. 14-04-23, 2005-Ohio-959, at ¶ 11, citingState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 12} Since Byrd neither appealed his original sentence within the prescribed time limits nor requested leave to file a delayed appeal, the doctrine of res judicata prevents us from reviewing the merits of the original sentence. See State v. Riddle, 3d Dist. No. 4-02-18, 2003-Ohio-478, at ¶ 23, citing State v. Crutchfield, 3d Dist. Nos. 11-01-09, 11-01-10, 2002-Ohio-568, citing State v. Lawrence, 3d Dist. No. 13-01-01, 2001-Ohio-2211.
 {¶ 13} Accordingly, Byrd's first and second assignments of error are overruled.
 {¶ 14} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
Rogers and Shaw, JJ., concur.
[1] The trial court ultimately sentenced Byrd to the maximum sentence for the second domestic violence offense, sixty months incarceration. The trial court ordered that the sixty month sentence be served consecutively to the re-imposed fifty-one month sentence at issue herein. Thus, Byrd was sentenced to a cumulative term of one hundred eleven months. The maximum sentence for the second domestic violence is the subject of a different appeal in State v. Byrd, Case No. 4-05-19.