OPINION
{¶ 1} Defendant-appellant, Christopher Smith ("Smith"), appeals the sentence imposed by the Defiance County Court of Common Pleas. We affirm the trial court's judgment for the reasons which follow.
 {¶ 2} In January 2004, the grand jury indicted Smith for four counts which included: counts one and four of trafficking in cocaine, violations of R.C. 2925.03(A)(C)(4)(c) and felonies of the fourth degree; and counts two and three of trafficking in cocaine, violations of R.C. 2925.03(A)(C)(4)(d) and felonies in the third degree. The charges stemmed from four separate controlled buys.
 {¶ 3} Pursuant to a plea agreement, the prosecution filed a bill of information which charged Smith with two counts of trafficking in cocaine, violations of R.C. 2925.03(A)(C)(4)(c) and felonies of the third degree. Smith then pled guilty to both counts in the bill of information and to counts one and four in the indictment. The prosecution dismissed counts two and three in the indictment.
 {¶ 4} Thereafter, the trial court sentenced Smith to four years imprisonment for count one in the bill of information. The trial court placed Smith on four years of community control for count two of the bill of information and counts one and four of the indictment. The trial court also reserved a four-year prison term for the bill of information's count two and reserved seventeen-month prison terms for both counts one and four of the indictment in the event of a community control violation. The trial court further stated that the reserved prison terms are to be served consecutively to each other and consecutively to the four-year term of imprisonment for a total term of ten years and ten months imprisonment in the event of a violation of community control.
 {¶ 5} On March 21, 2005, Smith filed a motion for judicial release as to count one of the bill of information. The trial court granted Smith's motion and reserved the remainder of the four-year prison term.
 {¶ 6} Thereafter, the prosecution filed a motion to revoke Smith's community control based on various violations. Smith admitted to the violations of his community control. The trial court then revoked Smith's community control and reimposed the balance of the four-year prison term in count one of the bill of information. The trial court also imposed the four-year term of imprisonment previously reserved for count two of the bill of information and ordered that the sentence be served consecutively to the four-year term reimposed in count one. The trial court also imposed the seventeen month terms of imprisonment previously reserved in counts one and four of the indictment and ordered the terms be served concurrently with the sentence for counts one and two of the bill of information for a total term of eight years imprisonment.
 {¶ 7} It is from this sentence that Smith appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The Court erred in sentencing Appellant to serve an eight yearprison term following a violation of Appellant's communitycontrol when the Court had already determined that a four yearprison term was appropriate at the sentencing hearing.
 {¶ 8} In his sole assignment of error, Smith argues that the court may not sentence an offender to a prison term and at the same time impose community control sanctions. Smith also argues that his sentence was clearly contrary to law because the trial court originally imposed a four-year term of imprisonment, however, the trial court later determined that an eight year term of imprisonment was appropriate. According to Smith, the longer prison sentence essentially punished him for filing for judicial release which the trial court granted. Consequently, Smith maintains that a four-year prison term is the appropriate sentence.
 {¶ 9} The prosecution asserts that Smith's appeal is barred by the doctrine of res judicata. In the alternative, the prosecution asserts that the trial court's sentence was not contrary to law.
 {¶ 10} "`The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant on an appeal from that judgment.'" Statev. Byrd, 3d Dist. Nos. 4-05-17, 4-05-18, 2005-Ohio-5613, at ¶ 11
quoting State v. Harlow, 3d Dist No. 14-04-23, 2005-Ohio-959, at ¶ 11, citations omitted.
 {¶ 11} The trial court sentenced Smith to a four-year prison term and to community control with various prison terms reserved in the event of a community control violation. Smith is not arguing against the reimposition of the four-year prison term, but rather arguing against the four-year sentence imposed from the reserved sentences. A sentence reserved in the event of a violation of community control sanctions is not ripe for review until the trial court has imposed the sentence for the violation of a defendant's community control. See State v. Ogle, 6th Dist. No. WD-01-040, 2002-Ohio-860, *2-4. Smith could not have previously appealed the sentence reserved for a violation of his community control since the issue would not have been ripe for review. Consequently, we find that the doctrine of res judicata does not apply under the facts and circumstances presented by this case and we must address the merits of appellant's appeal.
 {¶ 12} A trial court has discretion to find the imposition of community control sanctions are appropriate for one offense, while at the same time, finding a prison term appropriate for a separate offense. State v. Randolph, 12th Dist. No. CA2003-10-262, 2004-Ohio-3350, at ¶ 9, citations omitted. The trial court did not err in sentencing Smith to community control and imprisonment because the term of imprisonment was for one offense while the community control was for a separate offense.
 {¶ 13} The fact that Smith was sentenced to eight years following his violation of his community control does not mean the sentence is contrary to law. At the original sentencing hearing, the trial court did not sentence Smith to merely a four year term of imprisonment, but rather, sentenced Smith to four years imprisonment and four years community control with various prison terms reserved in the event of a community control violation. The trial court warned Smith, at the original sentencing hearing, that a violation of his community control would lead to a term of imprisonment of ten years and ten months. Moreover, the fact that Smith's community control would have been finished if he had served the four year sentence does not mean the trial court punished Smith for requesting judicial release. If Smith had not violated his community control after being granted judicial release, then the trial court would not have sentenced Smith to an additional term of imprisonment. Smith's sole assignment of error is, therefore, overruled.
 {¶ 14} Having found no error prejudicial to appellant herein, in the particulars assigned and argues, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.