OPINION
 BRYANT, J.
 {¶ 1} The defendant-appellant, Kirk A. Wilhite, Jr. ("Wilhite"), appeals the judgment of the Union County Common Pleas Court revoking his judicial release and sentencing him to four years and eleven months in prison, minus jail time credit.
 {¶ 2} On February 20, 2002, the Union County Grand Jury indicted Wilhite on one count of aggravated robbery, a violation of R.C.2911.01(A)(1), a first degree felony, and one count of theft, a violation of R.C. 2913.02(A)(4), a fifth degree felony. The aggravated robbery charge included a firearms specification. On April 17, 2002, Wilhite pled guilty to both counts of the indictment. In return, the State of Ohio ("State") dismissed the firearms specification. Also on April 17, 2002, the parties filed a joint sentencing recommendation. The State and Wilhite recommended a prison term of four years for the aggravated robbery to be served consecutively to a prison term of eleven months for the theft. The State indicated it would not oppose judicial release after Wilhite had served one year in prison. The trial court held a sentencing hearing on June 7, 2002 and imposed an aggregate prison term of four years and eleven months, as recommended by the parties.
 {¶ 3} On February 14, 2003, Wilhite filed a motion for judicial release. The State filed a response, indicating that it would oppose judicial release only if Wilhite were not accepted to the West Central Community Based Correctional Facility ("West Central"). It appears the trial court did not rule on the motion, and Wilhite filed a second motion for judicial release on July 29, 2003. The court overruled the second motion because Wilhite had not been accepted at West Central. On September 17, 2003, Wilhite filed a motion for reconsideration, and the court held a "judicial release" hearing on October 2, 2003. At the hearing, the court granted Wilhite's motion, placed him on community control sanctions for three years, and set forth ten conditions. The court advised Wilhite that violation of the community control sanctions could lead to a longer period on community control, a more severe community control sanction, or a period of incarceration of "up to 51 months."
 {¶ 4} On March 27, 2006, Wilhite's probation officer filed a notice of alleged community control violations. The notice alleged that Wilhite violated community control by using cocaine and failing to pay financial obligations as ordered. The court held a hearing on the community control violations on April 10, 2006. At the hearing, Wilhite admitted using cocaine, but argued that he had made current payments on his court-ordered financial obligations. The State dropped the alleged violation for failure to pay financial obligations, and the court found Wilhite had violated community control by using cocaine. The court allowed defense counsel and Wilhite to speak in mitigation, then imposed the original four year and eleven month prison term. The court also granted jail time credit of 597 days. Wilhite appeals the trial court's judgment and asserts the following assignments of error:
 The trial court erred by failing to accord Defendant-Appellant the two-stage community control revocation process required by the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 9 and 10 of the Ohio Constitution.
 The trial court erred by sanctioning Defendant-Appellant to a term of imprisonment and by revoking his community control in violation of State v. Brooks (2004), 103 Ohio St.3d 134.
 The trial court erred by sentencing Defendant-Appellant on both counts inasmuch as the aggravated robbery and the theft were allied offenses of similar import.
 {¶ 5} In the first assignment of error, Wilhite contends that the United States Supreme Court has established a two-hearing procedure to address alleged violations of parole and probation. Wilhite contends the trial court was required to hold a bifurcated hearing in this matter; the first to determine probable cause, and the second for disposition. Wilhite concedes that many such hearings are consolidated into one proceeding; however, he contends that those hearings are done with the defendants' consent. Wilhite contends his counsel was not prepared to speak in mitigation because he had anticipated a separately scheduled sentencing hearing. Wilhite also admits that counsel failed to place a formal objection on the record; however, he essentially argues that we must accept an implied objection based on the court and counsel's dialogue.
 {¶ 6} In response, the State argues separate hearings are not necessary if the defendant has not been "'prejudiced by the failure to hold a preliminary hearing.'" The State contends that Wilhite was not prejudiced because he admitted his violation to the court, and both defense counsel and the defendant made statements in mitigation.
 {¶ 7} We begin by noting Wilhite's failure to object to the consolidated hearing. Generally, pursuant to Crim.R. 52(B), failure to object at the trial court will waive an issue on appeal in the absence of plain error. See State v. Satta, 3rd Dist. No. 9-01-38, 2002-Ohio-5049, at ¶ 26. Although Wilhite urges us to accept an implied objection to overcome the issue of waiver, he has cited no case law to support such a proposition. However, in the interest of justice, we will address the merits of the argument.
 {¶ 8} A defendant is entitled to due process when his probation is revoked as the result of a probation violation. State v. Osborn, 3rd Dist. No. 9-05-35, 2006-Ohio-1890, at ¶ 8 (citing Gagnon v.Scarpelli (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656;Morrissey v. Brewer (1972), 408 U.S. 471, 477, 92 S.Ct. 2593,33 L.Ed.2d 484). See also State v. Delaney (1984), 11 Ohio St.3d 231,465 N.E.2d 72. Prior to revocation, the court must hold both a preliminary hearing and a final revocation hearing. Osborn, at ¶ 8 (citingMorrissey, at 477; State v. Qualls (1988), 50 Ohio App.3d 56, 57,552 N.E.2d 957). However, we have held "that the judgment of a trial court revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing". State v. Osbourn, 3rd Dist. No. 9-2000-107, 2001-Ohio-2176 (citing State v. Miller (1975), 45 Ohio App.2d 301,345 N.E.2d 82; State v. Stokes (Jun. 17, 1999), 3rd Dist. No. 14-98-53, unreported). See also State v. Marvin (1999), 134 Ohio App.3d 63.
 {¶ 9} In this case, the trial court held only one hearing. The court ascertained that Wilhite had received notice of the alleged violations. (Hearing Tr., Jun. 19, 2006, at 3:12-14). When asked if Wilhite admitted or denied the violations, defense counsel stipulated to probable cause and requested a second hearing. (Id. at 3:17-20). The following conversation then occurred:
 The Court: I guess I might just as well tell you, I don't do that. It's just that simple. There's no sense in me sitting up here and playing games with you. I'm not going to that. So it's your call. Whatever you say.
 Mr. Tyack: That's the way I usually do the procedure, your Honor. I was going to ask — ask to do that.
 The Court: I understand. I understand that. I'm not unhappy at all. I'm just laid back this morning.
 Mr. Tyack: No. You're not being unpleasant. I've never had that problem.
 The Court: Okay.
 Mr. Tyack: If the Court's going to proceed to — to final hearing on the thing, there's some additional information I would want to provide to the Court.
 The Court: All right. And — and you have that available now, is that correct?
 Mr. Tyack: Yes, your Honor, I do.
(Id. at 4:4-24). When asked to clarify what Wilhite was admitting, his counsel stated several times Wilhite would admit to producing a dirty urine screening (due to the cocaine use), but would not admit the failure to pay his financial obligation. (Id. at 5). When the State requested the court proceed to disposition, Wilhite did not object, and counsel indicated he was prepared to go forward. (Id.). Defense counsel and Wilhite made specific statements in mitigation. (Id. at 8-10). We cannot find this procedure to rise to the level of plain error as Wilhite was not prejudiced by the absence of a probable cause hearing. Defense counsel stipulated to one probation violation, and Wilhite also admitted that violation to the court. As to the final hearing, defense counsel did not indicate he was unprepared to go forward, and both he and Wilhite spoke in mitigation. The first assignment of error is overruled.
 {¶ 10} In the second assignment of error, Wilhite contends the trial court erred by not reserving a specific, maximum sentence it could impose if he violated the terms of his community control sanctions. Wilhite relies on State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837. In response, the State contends Brooks applies when a defendant is originally sentenced to community control sanctions, but not when a defendant is granted judicial release and then placed on community control sanctions.
 {¶ 11} In Brooks, the court held:
 [p]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
(Emphasis added). Brooks, at paragraph two of the syllabus. The holding in Brooks clearly applies in those situations where a defendant is originally sentenced to community control. In State v. Mann, 3rd Dist. No. 3-03-42, 2004-Ohio-4703, we distinguished an original sentence of community control sanctions imposed under R.C. 2929.15 from community control sanctions imposed pursuant to judicial release under R.C.2929.20. In Mann we held that when a defendant receives "early judicial release, R.C. 2929.15 is inapplicable" and "R.C. 2929.20 is controlling." Mann, at ¶ 9.
 {¶ 12} We next turned to the question of whether a trial court is required to reserve a specific sentence in order to re-impose the sentence when a defendant violates community control. We analyzed the language of R.C. 2929.20(I) and R.C. 2929.15(B) and determined that the judicial release statute does not require notice to the same extent required when a defendant is originally sentenced to community control. Id. at ¶ 12 (citing State v. Monroe, 3rd Dist. Nos. 4-01-27 and 4-01-28, 2002-Ohio-1199).
 {¶ 13} In this case, Wilhite had notice that the court could impose "up to 51 months" in prison for a community control violation. The court reimposed the original sentence, which would total 59 months. However, Wilhite was not prejudiced by any error because the court can only reimpose the original sentence, and he was given the appropriate jail time credit. The second assignment of error is overruled.
 {¶ 14} In the third assignment of error, Wilhite contends the trial court erred by sentencing him on both the aggravated robbery charge and the theft charge because they are allied offenses of similar import. Wilhite contends R.C. 2941.25(A) would prevent conviction on both charges. Therefore, Wilhite requests that we remand this cause for a new revocation hearing and preclude the trial court from sentencing him to separate sentences. In response, the State contends Wilhite's argument is barred by the doctrine of res judicata. The State contends that Wilhite is challenging the original sentence, and he is barred from doing so because he did not file a timely appeal to contest the original sentence. The State also contends that Wilhite invited any error by pleading guilty and agreeing to a jointly recommended sentence.
 {¶ 15} Aggravated robbery and theft are allied offenses of similar import. State v. Philpot (2001), 145 Ohio App.3d 231, 240,762 N.E.2d 443 (citing State v. Johnson (1983), 6 Ohio St.3d 420, 423,453 N.E.2d 595 (reversed on other grounds in Ohio v. Johnson (1984), 467 U.S. 493,104 S.Ct. 2536, 81 L.Ed.2d 425)). However, that determination alone does not end the court's analysis. If the elements of the offenses correspond, "'the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus.'" Philpot, at 240 (quoting State v. Rance (1999),85 Ohio St.3d 632, 638-639, 710 N.E.3d 699).
 {¶ 16} The trial court accepted Wilhite's guilty pleas in 2002. Apparently, the trial court was satisfied upon a reading of the facts that there was no error in convicting Wilhite of both aggravated robbery and theft. Wilhite failed to appeal his conviction and original sentence. Although Wilhite does not now contest his conviction, he is indirectly challenging the original sentence imposed by the trial court in 2002. Wilhite's challenge is barred by the doctrine of res judicata.State v. Smith, 3rd Dist. No. 4-06-18, 2006-Ohio-5149, at ¶ 10 (quotingState v. Byrd, 3d Dist. Nos. 4-05-17, 4-05-18, 2005-Ohio-5613, at ¶ 11
(quoting State v. Harlow, 3d Dist No. 14-04-23, 2005-Ohio-959, at ¶ 11
(internal citations omitted))) ("'"The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant on an appeal from that judgment."'"). The third assignment of error is overruled.
 {¶ 17} The judgment of the Union County Court of Common Pleas is affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur.