[Cite as *State v. Gonzalez*, 2014-Ohio-4005.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 103 |
| VS. | ) | |
| | ) | OPINION |
| SERGIO F. GONZALEZ, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 13CR271

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant    Attorney Oscar E. Rodriguez
1220 West 6th Street, Suite 303
Cleveland, Ohio 44113

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 8, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Sergio Gonzalez, Jr. appeals the decision of the Mahoning County Common Pleas Court sentencing him to an eleven-year term of imprisonment following his guilty pleas to one count of aggravated robbery with a firearm specification, four counts of felonious assault, and one count of improperly handling a firearm in a motor vehicle.

{¶2} On March 3, 2013, Gonzalez and Brandon Jackson were at a bar together. Jackson got into a fight and was thrown out. Jackson went to his car, retrieved a gun and began firing it into the air. Gonzalez and a woman named Devin Soto came out, got Jackson into a car and drove Jackson to his home. There, Jackson retrieved another gun, an assault rifle. They all got back in the car and Jackson "ordered" them to drive around as he looked for the people he had gotten into a fight with earlier at the bar. When he saw a car containing who he mistakenly thought were those people, he began firing shots at the car and they forced it off the road. Jose Pagan, a passerby, stopped to see what had happened. Gonzalez approached him; pistol-whipped him, stole his car and fled the scene.

{¶3} Police apprehended Gonzalez later that night and a Mahoning County grand jury subsequently issued a ten count indictment on April 4, 2013, against both Gonzalez and Jackson. Counts one through six named Gonzalez. Count one was for the aggravated robbery of Jose Pagan's vehicle in violation of R.C. 2911.01(A)(1)(C), a first-degree felony. Count two was for the felonious assault of Jose Pagan in violation of R.C. 2903.11(A)(2)(D), a second-degree felony. Counts one and two each carried attendant firearm specifications in accordance with R.C. 2941.145(A). Counts three, four, and five were for the felonious assault of the people in the vehicle that Jackson had fired at and they had forced off the road in violation of R.C. 2903.11(A)(2)(D), second-degree felonies. Count six was for improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B)(I)(2), a fourth-degree felony.

{¶4} Gonzalez pleaded not guilty and the case proceeded to discovery and other pretrial matters. On May 28, 2013, pursuant to a Crim.R. 11 plea agreement between the parties, Gonzalez pleaded guilty to count one (aggravated robbery with a firearm specification), count two (felonious assault minus the firearm specification),

counts three, four, and five (felonious assault), and count six (improperly handling a firearm in a motor vehicle).

{¶5}    The trial court conducted a sentencing hearing on June 7, 2013. The court sentenced Gonzalez to terms of imprisonment for each of the offenses to which he had pleaded guilty. For count one (aggravated robbery) and the attendant firearm specification, the court sentenced Gonzalez to three years each to be served consecutively to each other. For count two (felonious assault), the court sentenced Gonzalez to two years. The court sentenced Gonzalez to two years for count three (felonious assault) and noted that the parties had stipulated that counts three, four, and five were to merge for purposes of sentencing resulting in no sentence imposed for count four (felonious assault) and count five (felonious assault). That left count six (improper handling of a firearm in a motor vehicle) which the court sentenced Gonzalez to twelve months. The court then ordered the sentences for count two (felonious assault), count three (felonious assault) and count six (improper handling of a firearm in a motor vehicle) be served consecutively to each other and consecutive to the sentences imposed for count one (aggravated robbery) and its attendant firearm specification resulting in a sentence of eleven years.

{¶6}    Lastly, the court ordered that those sentences be served consecutively to an eighteen-month sentence Gonzalez received in an unrelated case (case no. 12 CR 269) for violating the terms of his community control sanctions. This appeal followed.

{¶7}    Gonzalez raises two assignments of error. Gonzalez's first assignment of error states:

> THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO SERVE 18 MONTHS, THE MAXIMUM TERM OF IMPRISONMENT, FOR THE VIOLATION OF COMMUNITY CONTROL SANCTIONS.

{¶8}    According to Gonzalez, his improper handling of a firearm in a motor vehicle offense was the offense which allegedly constituted his community control

violation. Gonzalez argues that the trial court did not consider the felony sentencing factors before imposing the maximum eighteen-month sentence for his community control violation.

**{¶9}** On April 11, 2013, the trial court sentenced Gonzalez to an eighteen-month term of imprisonment for violating the terms of his community control sanction in case no. 2012CR269. Apparently, the violation stemmed from the offenses Gonzalez committed in this case. That case is unrelated to this case and, more importantly, Gonzalez did not appeal that sentence. Since Gonzalez takes issue with the length of that sentence under this assignment of error but did not appeal that sentence, this court does not have jurisdiction to address this assignment of error. *State v. Harlow*, 7th Dist. No. 00 BA 17, 2005-Ohio-959; App.R. 4.

**{¶10}** However, the trial court did order that the eighteen-month sentence from the community control violation case be served consecutively with the sentence in this case. Therefore, the community control violation sentence can be reviewed in this case to the limited extent that it was ordered to be served consecutively with the sentence in this case. The propriety of the trial court's imposition of consecutive sentences is addressed under Gonzalez's second assignment of error.

**{¶11}** Accordingly, this court is without jurisdiction to address Gonzalez's first assignment of error.

**{¶12}** Gonzalez's second assignment of error states:

> THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF INCARCERATION WITHOUT MAKING THE STATUTORILY REQUIRED FINDINGS.

**{¶13}** Although the trial court made some of the required findings for imposition of consecutive sentences, Gonzalez argues that the court did not make all of the required findings. Gonzalez also argues that the court did not offer any reasons in support of those findings and that the findings were entered as an afterthought and not as part of a meaningful consideration of the sentencing factors.

**{¶14}** Pursuant to 2011 H.B. 86, effective September 20, 2011, a court

imposing consecutive sentencing must make certain findings. This legislation was enacted in response to the Ohio Supreme Court's statement that its *Foster* decision was incorrect in striking down statutory consecutive sentence provisions and that the legislature would need to enact a new statute to revive any requirement of findings for consecutive sentences. *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus.

**{¶15}** R.C. 2929.14(C)(4) sets forth the findings required for imposition of consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** Thus, the sentencing court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b) or (c). R.C. 2929.14(C)(4)." *See State v. Bellard*, 7th Dist. No. 12 MA 97, 2013-Ohio-2956, ¶ 17. *See also State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 37. In analyzing whether a sentencing court complied with R.C. 2929.14(C)(4), this court had held that a trial court was not required to recite any magic or talismanic words when imposing consecutive sentences but that it must be clear from the record that the trial court had engaged in the appropriate analysis. *Power* at ¶ 40; *Bellard* at ¶ 17.

**{¶17}** Appellate case law had been in flux concerning the extent to which a sentencing court was required to make these findings, particularly as it regarded the extent to which the court needed to make those findings at the sentencing hearing and in the subsequent sentencing entry. During the pendency of this appeal, the Ohio Supreme Court in *State v. Bonnell*, ___ Ohio St.3d ____, 2014-Ohio-3177, ___ N.E.2d ____ provided clarification holding that the findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing *and* included in the sentencing entry. *Id.* at the syllabus. The Court confirmed that a sentencing court is not required to recite "a talismanic incantation of the words" of the consecutive sentences provision of the felony sentencing statute, so long as the required findings can be gleaned from the record. *Id.* at ¶¶ 36-37. Additionally, the Court also held that the sentencing court "has no obligation to state reasons to support its findings." *Id.*

**{¶18}** In this instance and contrary to Gonzalez's argument that the trial court did not make all of the required findings and that the findings that court did make were entered as an afterthought and not as part of a meaningful consideration of the sentencing factors, the trial court explicitly made all of the findings required for imposition of consecutive sentences at the sentencing hearing and in the sentencing entry.

**{¶19}** At the sentencing hearing, the trial court made it a point to specifically

and separately address consecutive sentences and R.C. 2929.14(C):

> [N]ow that our legislature has reenacted 2929.14, the Court has to address that also.
>
> Previously the Supreme Court * * * found Section (C) and (D) to be unconstitutional. When the statute was rewritten, they were not deleted. They sat on the book in form as if they were still part of the law. Then our legislature reenacted them.
>
> > * * *
>
> The Court does specifically find that these crimes were committed while the Defendant was on a community control sanction. The Court further finds that the offender's criminal history shows that consecutive terms are necessary to protect the public. This Court is of the belief that the harm caused by the conduct of this Defendant and his confederates was so great, that a single term does not adequately reflect the seriousness of the conduct in this case.

(Sentencing Hearing Tr. 35-37.)

**{¶20}** The May 3, 2013 sentencing entry states:

> Pursuant to O.R.C. 2929.14(C)(4), the Court finds "that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public". The Court further finds that pursuant to O.R.C. 2929.14(C)(4)(a), the offender committed one or more of the multiple offenses while the offender was under a sanction imposed pursuant to O.R.C. 2929.17; the Court finds that pursuant to O.R.C. 2929.14(C)(4)(b), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was great

or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and the Court finds that pursuant to O.R.C. 2929.14(C)(4)(c), the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** As for Gonzalez's argument that the trial court did not offer any reasons in support of its findings, as indicated, the Ohio Supreme Court has just recently specifically held that the sentencing court "has no obligation to state reasons to support its findings." *State v. Bonnell*, ___ Ohio St.3d ____, 2014-Ohio-3177, ___ N.E.3d ____, syllabus.

**{¶22}** In sum, the trial court explicitly made all of the required findings before imposing consecutive sentences under R.C. 2929.14(C)(4). It found that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) each of the findings described in subsections (a), (b) or (c).

**{¶23}** Accordingly, Gonzalez's second assignment of error is without merit.

**{¶24}** The judgment of the trial court is affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.