THE STATE OF OHIO, APPELLEE, v. MILLER, APPELLANT.

[Cite as State v. Miller (1975), 45 Ohio App. 2d 301.]

(No. 9-75-3—Decided June 10, 1975.)

Mr. B. Edward Roberts, prosecuting attorney, for appellee.

Mr. Robert E. Wilson, for appellant.

GUERNSEY, J. On April 7, 1971, defendant, appellant herein, commenced two concurrent sentences in the Mans-

field Reformatory of one to fifteen years and one to twenty years for the commission of two felonies. On June 30, 1971, he was admitted to shock probation upon certain pertinent conditions including the following:

" (5) Conduct himself in a proper manner at all times, keep reasonable hours * * *

" (6) Refrain completely from the use of intoxicating liquors * * *, and refrain from entering places where intoxicating liquors are sold or dispensed * * *

" (16) Be in his home by 11:00 o'clock P. M. each evening, unless his employment requires otherwise, or unless in the company of his family * * *."

On December 2, 1974, the defendant's probation officer ordered his arrest for being involved in felonious assault charge and " [a]lso being intoxicated at time of arrest."

On December 16, 1974, notice was issued and thereupon served on defendant that "a hearing on the probation violation of Harold Daniel Miller, having been found in a state of intoxication and other matters as may be pertinent, will be heard at the Court of Common Pleas, Marion County, Ohio, on Tuesday, December 17, 1974 at 1:00 P. M." The hearing took place as scheduled, defendant was in court with counsel, and evidence was adduced that he was seen by a police officer leaving a bar after midnight of November 30, 1974, during the early morning hours of December 1, 1974, and by several police officers later in the morning (between the hours of three and four o'clock), when answering a complaint that two elderly residents of a rest home had been beaten, who found him on the living room floor of his home at the rear of the rest home in an intoxicated condition. There was also the testimony of a pregnant employee of the rest home that the defendant and his wife owned the rest home, that he appeared there about 1 A. M. on December 1, 1974, in an intoxicated condition, passed out a couple of times, cursed, tore a pipe entering a fire alarm box off the wall, and so conducted himself as to frighten the employee into leaving the home for the protection of herself and her unborn child. The defendant offered no evidence.

The trial judge announced his decision at the end of the hearing revoking probation for violation of the above quoted conditions and found in his journal entry filed on December 24, 1974, that the defendant "did violate the conditions of his probation in the following respects; he did fail to conduct himself in a proper manner at all times, he did fail to refrain completely from the use of alcoholic beverages and refrain from entering places where alcoholic beverages are sold or dispensed and he did fail to be in his home by 11:00 P. M. each evening, unless his employment requires otherwise, and that by reason thereof said probation should be terminated." He was then resentenced and returned to prison.

It is from this judgment of revocation of probation that the defendant appeals assigning as error that he was deprived of the constitutional safeguards of due process guaranteed to him by the case of *Morrissey* v. *Brewer*, 408 U. S. 471, 92 S. Ct. 2593.

Appellant's first claim is, in effect, that the findings that the defendant "did fail to conduct himself in a proper manner at all times [condition 5 of his probation], and he did fail to refrain completely from the use of alcoholic beverages and refrain from entering places where alcoholic beverages are sold or dispensed [condition 6 of his probation] and he did fail to be in his home by 11:00 P. M. each evening, unless his employment requires otherwise [condition 16 of his probation]," are not permissible findings when the notice on which the revocation hearing was held merely specified that the hearing would be on the probation violation of defendant "having been found in a state of intoxication and other matters as may be pertinent."

*Morrissey* v. *Brewer, supra,* as applicable to probation revocation under *Gagnon* v. *Scarpelli,* 411 U. S. 778, 93 S. Ct. 1756, contemplates a hearing "in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee [probationer] has committed acts which would constitute a violation of parole [probation] conditions," with a notice thereof which "should state what parole [probation] violations have been alleged." *Morrissey* v. *Brewer,*

pp. 485-487, 2602-2603. On the other hand, by the same authority, pp. 487-489, 2603-2604, a revocation hearing is also contemplated which "must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation," and must be pursuant to a "written notice of the claimed violations of parole [probation]."

It will be observed that the notice requirements are not for a notice of the conditions of probation which have been violated. The probationer is well aware, or is at least charged with a full awareness, of the conditions of his probation and, in our opinion, the notice for either the preliminary hearing or the revocation hearing merely requires, in this respect, a statement of the acts which are claimed to be violations of the probation conditions. Thus, the notice here related to the probationer "having been found in a state of intoxication and other matters as may be pertinent." Fairly construed, the "other matters as may be pertinent" are matters relating to his having been found in a state of intoxication, including his departure and the time of his departure from a bar shortly beforehand, where it may be reasonably inferred that he had been drinking, and his intoxicated presence in the nursing home between the time he departed from the bar and the time he was found on the floor of and arrested in the living room of his nearby home. Thus the notice gave notice to the defendant of every act which the court found to be violative of the conditions of his probation.

The defendant would have the trial court and this court distinguish between the finding of the court that the defendant failed "to refrain completely from the use of *alcoholic beverages* and refrain from entering places where *alcoholic beverages* are sold or dispensed" (emphasis added), and the phraseology of the conditions of probation that he "refrain from the use of *intoxicating liquors* * * * and refrain from entering places where *intoxicating liquors* are sold or dispensed" (emphasis added), would have the condition made applicable only to intoxicating liquors as defined by R. C. 4301.01 and thus include in the operation

of such condition only the drinking of anything with more than 3.2% of alcohol by weight. The statutory definition, however, is confined to the use of the term, "intoxicating liquor," "in the sections of the Revised Code." It is obvious that the conditions of probation had as one of their goals the prevention of the probationer from becoming intoxicated and the term, "intoxicating liquor," was used in the conditions of probation in its generic sense, 48 Corpus Juris Secundum 135, Intoxicating Liquors, Section 1:

"Except as it may be defined by statute, intoxicating liquor has been held to include any liquor intended for use as a beverage, or capable of being so used, which contains such a proportion of alcohol that it will produce intoxication when imbibed in such quantities as it is practically possible for a man to drink."

In this sense even 3.2 beer is an intoxicating liquor and it may be fairly inferred from the fact that the defendant was found in a state of intoxication that he had not refrained completely from the use of intoxicating liquor.

Defendant would then raise in this court the issue of the timeliness of the notice of the hearing. Although defendant's counsel observed in the trial court, when asked by the prosecutor, that he had received notice of the hearing approximately twenty four hours prior to the time of the hearing he at no time objected to the timeliness of such notice and did not request any continuance. We conclude that he has waived the issue of timeliness and may not now raise same on appeal. It should be noted, additionally, that defendant has not disputed any of the controlling facts and neither at trial nor now has claimed the availability of any evidence to the contrary which he has been deprived from presenting. His present claim that he did not have the opportunity to subpoena "corroborating witnesses" has no validity in the absence of some showing as to what they would corroborate.

In view of the recently reported case of *State* v. *Mingua* (1974), 42 Ohio App. 2d 35, and the claim by the defendant that he has been denied the due process requirements guaranteed by *Morrissey* v. *Brewer*, *supra*, we are concerned by the fact that the record shows that the defendant was not

afforded a preliminary hearing, as such. We recognize the requirement of two hearings contained in *Morrissey* v. *Brewer* and the applicability of the *Morrissey* requirements to Ohio practice. We agree, however, with the conclusion on page 39 of the *Mingua* decision that "a hearing of this type [preliminary] would not be required where it is waived by the probationer or parolee," and do not consider the determination in that case that revocation of probation status may only be accomplished after two *separate* hearings are conducted to be conclusive for the *Mingua* decision did not need to rest on such ground but could and did rest on the proposition that the necessary quantum of evidence was not adduced before the trial court to warrant revocation.

Instead we conclude that a judgment of a trial court revoking probation may not be reversed where two separate hearings have not been held as contemplated by *Morrissey* v. *Brewer,* unless it appears in the record that the appellant has been prejudiced by the want of the preliminary hearing. *Morrissey* v. *Brewer* bases the necessity for a preliminary hearing on the fact of a substantial time lag between the arrest and the parole revocation and the inherent unfairness of depriving a parolee or probationer of his freedom unless probable cause therefor exists. As stated by Chief Justice Burger, p. 485, 2602:

*"(a) Arrest of Parolee and Preliminary Hearing.* The first stage occurs when the parolee is arrested and detained, usually at the direction of his parole officer. The second occurs when parole is formally revoked. There is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked. Additionally, it may be that the parolee is arrested at a place distant from the state institution, to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. * * * Such an inquiry should be seen as in the nature

of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.''

Here there was a lapse of merely fourteen days from his arrest on December 2nd on probation violation charges until the hearing thereon. It is conceded in appellant's brief that when arrested on December 1st he was arrested on assault charges which were heard in Marion Municipal Court on December 12, 1974, and then dismissed for lack of evidence. Thus, from December 1st until December 12th he was held on the assault charges and only held from December 12th to December 17th, a period of five days before the probation revocation hearing. At that hearing the evidence proved not only that there was probable cause or reasonable ground to believe that the defendant had committed the acts that would constitute a violation of his probation conditions but that he had actually committed such acts. The former determination was of necessity included in the latter. Had two hearings been required the defendant would in all probability have had to be held in jail for a much longer period of time to dispose of both than he was here held to dispose of one.

Everything has been accomplished in and by the revocation hearing that would have been accomplished in and by separate preliminary and revocation hearings. In our opinion though technical error may have occurred the appellant has not been prejudiced by the failure of the trial court (or a disinterested administrative official) to conduct a preliminary probable cause hearing.

Accordingly, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

COLE, P. J., and MILLER, J., concur.