OPINION
This is an appeal from a judgment of the Marion County Municipal Court finding the appellant, Dena E. Jacobs ("the appellant"), in contempt of court.
The facts and procedural history of the case are as follows. In March 1999, the appellant pleaded no contest to one count of disorderly conduct, in violation of R.C. 2917.11, a misdemeanor of the fourth degree. The trial court accepted the appellant's plea and found her guilty of the offense. The trial court sentenced the appellant to thirty days in jail and imposed a $250 fine and court costs. The jail term and $150 of the fine were suspended and the trial court placed her on active probation for one year. The specific conditions of the appellant's probation were that she obey the laws of the State of Ohio and its subdivisions for a period of one year, that she have no contact or communication of any kind with the victim, Sherry George, and that she stay away from the victim's workplace and residence.
On January 14, 2000, the State of Ohio filed a motion in the Marion County Municipal Court to show cause why the appellant should not be held in contempt for violating the terms and conditions of her probation. On January 27, 2000, a hearing was held on the matter. At the hearing, the victim and her boyfriend, Steven Jacobs[1], testified that on November 6, 1999, the appellant approached them at the Moose Lodge in Marion County, Ohio, and verbally assaulted them.
At the conclusion of the show cause hearing, the trial court found the appellant had violated the terms and conditions of her probation and reimposed her original sentence of thirty days in jail, a $250 fine, and court costs. The trial court suspended fifteen days and $100 upon the condition that the appellant comply with the original conditions of her probation.
The appellant now appeals, setting forth the following two assignments of error.[2]2
 ASSIGNMENT OF ERROR NO. I The trial court erred and abused its discretion in finding the appellant in contempt of court for violating the terms of her probation when the State failed to meet its burden of proof and a finding of such a violation was not supported by competent, credible evidence and was against the weight of the evidence.
 ASSIGNMENT OF ERROR NO. II The trial court erred in permitting evidence of other acts allegedly committed by the appellant in violation of the court's March 17, 1999 when [sic] the State failed to give notice that these other acts constituted a basis for it seeking a contempt order against the appellant.
We note at the outset that the municipal court erroneously treated the action as an indirect contempt proceeding rather than a probation revocation hearing. It is undisputed that the appellant was placed on probation after entering a plea of no contest in March of 1999. Therefore, upon allegedly violating the terms and conditions of her probation, the proper action for the State would have been to file a motion to terminate the appellant's probation rather than a motion to show cause why the appellant should not be held in contempt.
Nonetheless, the error was harmless beyond a reasonable doubt because the appellant was afforded a fair and impartial hearing to determine whether she had violated the specific terms and conditions of her probation, and we can discern no actual prejudice to the appellant arising from the manner in which the proceedings were conducted. Having so found, we will address the appellant's assigned errors as they would relate to a probation revocation hearing.[3]
The decision to revoke probation rests within the sound discretion of the trial court. State v. Bernard (Sept. 27, 1990), Paulding App. No. 11-89-17, unreported; State v. Setler (Sept. 25, 1998), Lake App. No. 97-L-214, unreported; State v. McNight
(1983), 10 Ohio App.3d 312, 313. In the absence of an abuse of discretion, an appellate court will not reverse the trial court's decision. An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
In her first assignment of error, the appellant maintains the trial court erred in finding that she had violated the specific terms and conditions of her probation. The appellant essentially argues there was insufficient evidence to establish a probation violation beyond a reasonable doubt. In her brief and in support of her argument the appellant relies upon decisions discussing the standard of proof in criminal contempt cases. In a probation revocation hearing, however, the evidence presented need not demonstrate beyond a reasonable doubt that the appellant breached the terms of her probation. The evidence need only be substantial in nature to justify the revocation. See State v. Gantzler (Apr. 3, 1991), Crawford App. No. 3- 90-10, unreported; State v. Scott
(1982), 6 Ohio App.3d 39, 41. Thus, the appellant's reliance on the authorities cited in her brief is misplaced. Having established the proper burden of proof, we must now address the merits of the appellant's assignment of error.
At the revocation hearing held on January 27, 2000, Pam Hardgrave, a friend of the appellant, testified that on the evening of November 6, 1999, she observed Sherry George and Steven Jacobs enter the Moose Lodge and proceed to the bar area. Hardgrave testified that, upon observing the couple, she informed the appellant that they had entered the building. According to Hardgrave, the appellant approached the bar area and stated "I can't believe they let sluts in here." The appellant admitted at the hearing to making the foregoing statement.
The State then presented the testimony of Steven Jacobs that the appellant had entered the bar area and began shouting obscenities in their direction, including "[y]ou fucking bastard; you brought the slut with you; the fucking slut; you people need to leave * * *." Sherry George also testified that the appellant verbally assaulted her by shouting "[y]ou fucking whore. You need to leave here now."
Because a specific condition of the appellant's probation was that she must refrain from communicating with the victim, we find the foregoing testimony is of the substantial nature required to meet the State's burden of proof for revocation of probation. The testimony clearly indicates that the appellant had violated a specific condition of her probation by communicating with the victim. Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
In her second assignment of error, the appellant contends that the trial court denied her due process of law on the basis that she had not received prior written notice of all the claimed violations of her probation.
It is axiomatic that the purpose of the final probation revocation hearing is to make a conclusive determination as to whether a probationer violated a term of his probation and, if so, whether his probation should be revoked because of it. SeeMorrissey v. Brewer (1972) 408 U.S. 471, 488. "The [probationer] must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Id. The "minimum requirements of due process" that must be afforded a probationer at the final revocation hearing are as follows
 (a) [W]ritten notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross- examine adverse witnesses * * *; (e) a `neutral and detached' hearing body * * *; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking [probation or] parole.
Scarpelli, 411 U.S. at 786, quoting Morrissey, 408 U.S. at 489.
The appellant acknowledges in her brief that she had received advanced written notice that she had allegedly violated the terms and conditions of her probation through her actions of November 6, 1999, and that the State had planned to call witnesses against her. The appellant contends, however, that in contravention of her due process rights, the State did not notify her that Sherry George had planned to testify that, on several occasions, the appellant had driven past her home and had left menacing telephone messages on her answering machine. The appellant asserts the trial court erred in allowing this testimony into evidence.
A review of the transcript of the revocation hearing, however, reveals that the trial court's decision finding that the appellant had violated the specific terms and conditions of her probation was based solely upon the events which had occurred on November 6, 1999. Therefore, we cannot say that the appellant suffered actual prejudice because of the trial court's decision to allow the other testimony into evidence.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
For all the foregoing reasons, we find the trial court did not abuse its discretion in revoking the appellant's probation.
Having found no error prejudicial to the appellant herein, in the particulars assigned and ordered, we affirm the judgment of the trial court.
 ____________________________ HADLEY, P.J.
WALTERS and BRYANT, JJ., concur.
[1] Steven Jacobs is the appellant's former husband.
[2] The State has failed to file a brief contesting the issues raised in the appellant's assignments of error. By doing so, we may accept the appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if the appellant's brief reasonably appears to sustain such action. See App.R. 18(C).
[3] We note that pursuant to Gagnon v. Scarpelli (1973),411 U.S. 778, a probationer is entitled to a preliminary and finalrevocation hearing. A preliminary hearing is a hearing at whichthe sole inquiry is whether there is probable cause to believethat the probationer has violated the terms of probation. Id.Once the court determines that probable cause exists, a finalhearing is held to determine whether the terms of probation havein fact been violated and, if so, whether probation should berevoked or modified. Id. at 782. Although there is no evidencein the record that the appellant was given a preliminary hearing,we note that defense counsel never raised a timely objection tothis omission during the proceedings in the trial court.Furthermore, this Court has held that the judgment of the trialcourt revoking probation will not be reversed where two separatehearings have not been held unless it appears from the record thatthe defendant was prejudiced by the failure to hold a preliminaryhearing. State v. Miller (1975), 45 Ohio App.2d 301, 306. In the case herein, there is no evidence in the record that the appellant was prejudiced by the failure to hold a preliminary hearing.