OPINION
Forrest Osborn appeals the November 28, 2000 judgment of the Marion County Court of Common Pleas finding that he violated the conditions of his community control sanction and sentencing him to a term of three years incarceration.
On September 17, 1998, Mr. Osborn was indicted by the Marion County Grand Jury for three first-degree felony counts of rape and six third-degree felony counts of gross sexual imposition. On April 6, 1999, Mr. Osborn pled guilty to five counts of gross sexual imposition and one count of attempted gross sexual imposition. On June 11, 1999, the trial court sentenced the defendant to six months incarceration on the attempted gross sexual imposition charge, and a five-year community control sanction on the remaining charges. On August 25, 1999, the trial court granted Mr. Osborne's motion for judicial release and modified the defendant's sentence to a five-year community control sanction. The conditions of defendant's community control sanction were listed in an entry served upon the defendant, and contained the following provision:
 The defendant shall enter Volunteers of America Sex Offender Treatment Program in Mansfield, Ohio, and shall remain in the treatment program prescribed by the treatment facility until successful completion of the prescribed treatment and any aftercare required by the program or the Marion County Adult Probation Department.
 On July 17, 2000, Mr. Osborn's probation officer filed a notice of violation and asserted that Mr. Osborn had violated the terms of his community control sanction by failing to complete the Volunteers of America Sex Offender Treatment Program. The defendant was arrested, and while waiting for the matter to be heard served the balance of the six-month sentence he had received for the attempted gross sexual imposition charge. The matter was heard by the trial court over three days, and in a judgment entry filed on November 28, 2000, the trial court concluded that Mr. Osborn had violated the conditions of his community control sanction and sentenced him to three years incarceration. Mr. Osborne now appeals, and asserts four assignments of error with the trial court's judgment.
 The trial court erred to the prejudice of the Defendant by failing to hold a preliminary hearing to determine probable cause for revoking community control sanctions.
 In his first assignment of error, defendant asserts that the trial court erred by failing to bifurcate his community control revocation hearing pursuant to Gagnon v. Scarpelli (1973), 411 U.S. 778. However, this court has repeatedly held that the judgment of a trial court revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing. See, e.g., State v. Miller (1975), 45 Ohio App.2d 301; State v. Stokes (June 17, 1999), Union App. No. 14-98-53, unreported, 1999 WL 446087 at *6. Here, the trial court heard the case over three separate dates, and the transcript reveals that the defendant was afforded a full and fair opportunity to present evidence and cross-examine the state's witnesses. Moreover, the defendant did not object to the trial court's decision not to hold a separate probable cause hearing and has not indicated what specific prejudice he allegedly suffered stemming from trial court's decision on this issue. Finally, our own review of the record reveals no indication that the defendant was prejudiced in any way by the trial court's decision. Accordingly, defendant's first assignment of error is overruled.
 The notice of violation lacked specificity and violated Defendant's right to due process of law.
 In his second assignment of error, defendant contends that the notice of violation served upon him was excessively vague and violated his due process rights under Morrissey v. Brewer (1972), 408 U.S. 471. On July 17, 2000, the defendant's probation officer filed a statement of violations indicating that the defendant had violated the conditions of his community control "in the following particulars:"
 #14 The defendant shall participate in a sex offender treatment program.
 #15 The defendant shall enter the Volunteers of America [sic] (VOA) Sex Offender Treatment Program in Mansfield, Ohio and shall remain until successful completion of the prescribed treatment and any aftercare required by the program or the Marion County Adult Probation Department.
 Defendant contends that the community control conditions he was sentenced to for the gross sexual imposition charges required him only to "participate" in a sex offender treatment program, and that only the community control sanction he received upon his judicial release for the attempted gross sexual imposition charge required him to complete the specific VOA program. He then asserts that his right to due process was violated because by the time the case was heard, he had already served the balance of his term of incarceration for attempted gross sexual imposition.
We disagree. The statement of violations served upon the defendant clearly put him on notice of what the factual bases of his violations were, and he had an ample opportunity to be heard regarding those charges. Moreover, defendant's construction of the judgment entries and sentences in this case is unconvincing. While he was initially sentenced to five years community control for the five gross sexual imposition charges, the trial court's original sentencing entry specifically stated that the "terms and conditions [of defendant's community control sanction will be] set forth in a separate entry." That separate entry, filed on July 9, 1999, stated that "time shall be tolled on said period of community control sanctions until the defendant is released from the custody of the state institution." Then, upon defendant's release from custody after the trial court granted his request for judicial release, the court modified the conditions of the previously imposed sanction to include the requirement that he complete the VOA Sex Offender Treatment program. See R.C. 2929.20(I) (requiring that defendant granted judicial release be given an appropriate community control sanction); R.C.2929.15(A)(1) (court may impose "any other conditions of release under a community control sanction that the court considers appropriate"). Defendant's argument that the trial court's permissible modification of the conditions of defendant's community control sanction is somehow a separate sentence limited only to the attempted gross sexual imposition charge is simply erroneous, and that permissible modification does not constitute a violation of defendant's due process rights. Accordingly, defendant's second assigned error is overruled.
 The trial court erred and abused its discretion in finding that the Defendant violated community control sanctions.
 In his third assigned error, defendant argues that he was unfairly terminated from the Volunteers of America Sex Offender Treatment Program and that the trial court improperly found that this unfair termination constituted a violation of the terms of his community control sanction. Defendant contends, with some support in the record, that he was terminated from the program for his refusal to admit that the acts for which he was convicted were acts of rape and because employees of the facility did not believe him when repeatedly and consistently denied that he had committed additional sexual offenses against other unknown victims. Cf. Lile v. McKune, Warden (2000), 224 F.3d 1175 (compulsory prison sex offender program that required inmate to disclose uncharged offenses and victims as a condition of continued participation violated inmate's Fifth Amendment right against self-incrimination), certiorari granted at McKune v. Lile (U.S. May 14, 2001), 121 S.Ct. 1955 (NO. 00-1187).
However, the record also clearly reflects that the trial court was aware of these issues and believed them to be "problems" with the program. See Transcript of Proceedings, at *178-79. Moreover, the record reflects several other specific acts committed by the defendant that were violations of the legitimate rules of the program, and along with the clear testimony from two administrators of the program that the defendant was evasive and did not fully participate in the program, these rule violations provide the substantial evidence necessary to support the trial court's conclusion that defendant's termination from the VOA program was justified. Cf. State v. Hylton (1991), 75 Ohio App.3d 778,782-83 (noting that "the quantum of evidence" to justify revocation of probation "must be substantial"). We therefore overrule defendant's third assignment of error.
 The trial court exceeded its authority by imposing a term of incarceration when it revoked community control sanctions when the court did not first provide notice of a prison term at the time the Defendant was originally sentenced to community control sanctions in violation of Ohio Revised Code Section 2929.19.
 In his fourth assignment of error, defendant contends that that trial court failed to give him proper notice that if he violated the terms of his community control sanctions that he faced a term of imprisonment. In State v. Stokes (June 17, 1999), Union App. No. 14-98-53, unreported, 1999 WL 446087 at **2-3, this court that the trial court had "substantially compl[ied]" with the community control notice requirements of R.C. 2929.19(B)(5) by informing a defendant of the possibility of incarceration for a community control violation in a written plea entry that was signed by the defendant. Here, our review of the record reveals that a plea entry signed by the defendant on April 6, 1999 contains a notice identical to the one we approved in Stokes. Moreover, at least two other entries in the record indicate that the defendant was apprised of the fact that a violation of his community control sanctions could result in incarceration. Finally, the remarks of defendant's counsel at the plea hearing reveal that both counsel and the defendant himself understood that a community control violation could result in his incarceration. See Transcript of Plea at *5. While we have generally required strict compliance with the felony sentencing laws at sentencing hearings, see generally State v. Martin (1999), 136 Ohio App.3d 355, we continue to believe that a trial court retains jurisdiction to sentence an offender for community control violations so long the proper notice is given prior to or when the community control sentence is imposed. Cf. Stokes, unreported at **2-3.
For these reasons, the defendant's four assigned errors are overruled, and the judgment of the Marion County Court of Common Pleas is affirmed.
______________________________________ SHAW, J.
WALTERS, P.J. and HADLEY, J., concur.