[Cite as *State v. Brown*, 2013-Ohio-2756.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                      :           C.A. CASE NOS.    25342/25343

v.                                               :           T.C. NO.    08CR1603
                                                                   07CR4376
CHRISTOPHER T. BROWN              :           (Criminal appeal from
                                                       Common Pleas Court)
    Defendant-Appellant                   :

                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____28th____ day of ____June____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 W. Fourth Street, Suite 250, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Christopher T. Brown appeals from two judgments of the

Montgomery County Court of Common Pleas, which revoked his community control sanctions in two cases and sentenced him to prison for an aggregate term of three years. For the reasons that follow, the judgments of the trial court will be affirmed.

{¶ 2}    In July 2011, Brown pled guilty to theft in Montgomery C.P. No. 2007 CR 4376; that same day, he pled guilty to theft, receiving stolen property, and forgery in Montgomery C.P. No. 2008 CR 1603. In each case, he was placed on community control sanctions for a period not to exceed five years and was ordered to attend the MonDay program. In each case, one of the terms of community control was that Brown abstain from the use of "illegal drugs, drugs of abuse, and alcohol." Brown was also placed on "'no breaks' status," was told to work on obtaining employment, and was ordered to pay restitution and court costs.

{¶ 3}    In June 2012, a notice of a community control sanction revocation hearing was filed in each case, after Brown admitted to his probation officer that he took Vicodin without a prescription on May 25, 2012. The notices also stated that he had failed to "obtain and maintain verifiable employment"[1] and to make payments toward restitution.

{¶ 4}    On August 1, 2012, a hearing on the revocation notices was held. At the hearing, Brown's attorney indicated that he "would not need a formal hearing on the matter" and that he would admit that he took Vicodin on May 25, 2012. His attorney explained that Brown had been having "a battery of dental testing" and that, although he had not had a prescription on May 25, he subsequently obtained a prescription for Vicodin from his dentist

---

[1]The condition of community control sanctions related to employment stated that Brown must "attend the Job and Family Services until he is gainfully employed."

for "his dental issues." (Brown initially told his probation officer that he did have a prescription for the Vicodin he took on May 25, but an investigation revealed that Brown obtained the prescription from the dentist after that date.) The attorney also attributed Brown's lack of employment and failure to pay restitution and costs, in part, to his incarceration in a Pennsylvania case and to a pending disability application.

{¶ 5}    Based on his admission, the court found that the State had proven the alleged violations of Brown's community control sanctions.    The court revoked the community control sanctions and sentenced Brown to twelve months each on the three counts in Montgomery C.P. No. 2008 CR 1603, to be served consecutively, and to one twelve-month term in Montgomery C.P. No. 2007 CR 4376, which was to be served concurrently with the sentences in Montgomery C.P. No. 2008 CR 1603.[2]

{¶ 6}    In court, immediately after the sentences were imposed, Brown's attorney raised the issue that the counts of forgery and receiving stolen property in Montgomery C.P. No. 2008 CR 1603, which involved the same check number and victim, were allied offenses of similar import.    The court responded that "if counsel would file such a motion, the Court will reconsider the sentence."    No motion for reconsideration of the sentence was filed.

{¶ 7}    Brown appeals, raising three assignments of error.    The first and second assignments of error are related, and we will address them together.    They state:

APPELLANT'S    TRIAL    COUNSEL    WAS    INEFFECTIVE    AND APPELLANT WAS PREJUDICED THEREBY.

THE    TRIAL    COURT'S    FAILURE    TO    MERGE    APPELLANT'S

_____

[2]  Brown's community control in a third case, Montgomery C.P. No. 2007 CR 37/2, was administratively terminated.

CONVICTIONS FOR THEFT AND RECEIVING AMOUNT[ED] TO PLAIN ERROR.

{¶ 8}    Brown contends that his trial counsel was ineffective in that 1) she should have requested an evidentiary hearing on the revocation "if proper defenses existed;" and 2) she failed to competently advocate for merger of the allied offenses.   He also contends that the trial court committed plain error in failing to merge the offenses in Montgomery C.P. No. 2008 CR 1603.

{¶ 9}    We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).   Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.   *Strickland* at 688.   To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different.   *Id.*

{¶ 10}    On appeal, Brown characterizes trial counsel's statements about his dental work and his inability to work due to incarceration and a disability application as "valid defenses to all allegations in the revocation;" in light of these "defenses,"  he characterizes as "inexplicable" counsel's willingness to have Brown admit the community control violation.

{¶ 11}    However, counsel's statements explaining the circumstances surrounding

Brown's violations did not amount to "defenses" to the violations. The trial court was not required to conclude, for example, that Brown's need for dental work justified his use of Vicodin without a prescription. Indeed, at the hearing, the trial court noted that the imposition of "no break status" on Brown's community control "mean[t] something to this Judge," that Brown had a lengthy history of involvement with the court, and that numerous previous interventions had been unsuccessful. The court also stated that Brown "flat out lied" to his probation officer about his Vicodin use on May 25, 2012, claiming that he obtained the Vicodin from his dentist. When the probation officer investigated, the probation officer learned that Brown had not obtained the Vicodin from his dentist. Even if Brown had a legitimate dental problem and/or subsequently obtained a prescription for Vicodin from his dentist, the trial court could have reasonably concluded that neither of these facts was a valid defense to the illegal use of Vicodin on May 25.

{¶ 12} Similarly, the trial court could have reasonably concluded that Brown's incarceration in Pennsylvania on other charges and his repeated, unsuccessful attempts to obtain Social Security disability did not excuse his failure to obtain employment or to pay restitution, especially in light of the court's observation that Brown had been "defiant" with his probation officer about his obligation to pay.

{¶ 13} Moreover, there is no suggestion in the record that Brown had more evidence to present on these issues if a hearing on the alleged violations had been conducted. Counsel's handling of the revocation hearing did not constitute ineffective assistance, because there is no basis to conclude that the outcome would have been different if counsel had requested an evidentiary hearing or had advised Brown against admitting the violation.

{¶ 14}    Brown also claims that counsel was ineffective in failing to argue more persuasively that the offenses in Montgomery C.P. No. 2008 CR 1603 were allied offenses of similar import and should have merged for sentencing.   He asserts that counsel was ineffective in failing to heed the trial court's suggestion that it would consider the allied offenses argument if she file a motion for reconsideration.   Finally, he argues that the trial court committed plain error in failing to merge the allied offenses.

{¶ 15}    As a preliminary matter, we observe that the precise nature of Brown's appellate allied offenses argument is unclear.   The argument relates to the charges in Mont. C.P. 2008 CR 1603.   At the hearing, counsel sought to merge the counts of receiving stolen property and forgery, both of which related to check number 5769.   However, in his brief, Brown repeatedly asserts that the charges of theft and receiving stolen property were allied offenses and also mentions the possible merger of the counts of theft and forgery. The charge of theft related to check number 4418, and the receiving stolen property and forgery counts in that case related to check number 5769; the checks were drawn on accounts at two different banks held by Brown's mother and step-father.   We will consider whether merger was appropriate as to any of the charges.

{¶ 16}    According to the presentence investigation, the offenses in Mont. C.P. No. 2008 CR 1603 arose when Brown took the personal checks from his mother and step-father, without their permission.   He took check number 4418 sometime between October 10, 2007, and March 29, 2008; this was the basis for the theft charge.   He thereafter negotiated check number 4418 for $50, but no charges were filed related to this act.   Brown took check number 5769 from his mother on March 28, 2008; this was the basis for the receiving stolen

property charge. Check number 5769 was negotiated for $55 at Mike's East End Market on March 29, 2008; this was the basis for the forgery charge.

{¶ 17} Pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at ¶ 44.

> * * * [T]he question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

{¶ 18} The defendant bears the burden to prove entitlement to merger. *State v.*

*Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134, citing *State v. Thomas*, 10th Dist. Franklin No. 10AP-557, 2011-Ohio-1191, ¶ 16.

{¶ 19}  Brown was charged with theft, in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent."  He was charged with receiving stolen property in violation of R.C. 2913.51(A), which states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."  He was charged with forgery in violation of R.C. 2913.21(A)(3), which provides that "[n]o person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [u]tter, or possess with purpose to utter, any writing that the person knows to have been forged."  To "utter" means "to issue, publish, transfer, use, put or send into circulation, deliver, or display." R.C. 2913.01(H).

{¶ 20}  Based on the dates in the bill of particulars, the theft of check number 4418 occurred between October 10, 2007, and March 29, 2008; no other charges were filed related to that check.  The charge of receiving stolen property was based on Brown's "receiving" or "retaining" check number 5769 from his mother and step-father on March 28, 2008.  The next day, he negotiated this check, receiving $55 in cash or merchandise at a store.

{¶ 21}  Because there is only one charge related to check number 4418, and it is not clear that Brown took that check at the same time as check number 5769, Brown has failed to establish that the theft should have merged with any other offense.  Thus, we find no

plain error in the trial court's failure to merge this theft offense with either of the offenses related to check number 5769.

{¶ 22}    Under the facts of this case, the offenses of receiving stolen property and forgery related to check number 5769 were clearly committed separately, notwithstanding the fact that a single check was involved.  Although there may be circumstances in which one could simultaneously commit these offenses, Brown committed the acts of receiving and uttering the instrument separately, on different days and in different places.  Thus, they were not allied offenses of similar import.  Brown was not prejudiced by his attorney's failure to argue this point more vehemently or to file a motion for reconsideration on this basis.  Moreover, the trial court did not commit plain error in failing to merge the offenses.

{¶ 23}    The first and second assignments of error are overruled.

{¶ 24}    The third assignment of error states:

THE TRIAL COURT ERRED IN NOT AFFORDING APPELLANT A PRELIMINARY PROBABLE CAUSE HEARING ON THE REVOCATION, NOR SECURING HIS WAIVER THEREOF.

{¶ 25}    Brown "challenges the constitutionality" of the procedure by which his community control was revoked, because he was not afforded a preliminary probable cause hearing and did not waive his right to such a hearing.

{¶ 26}    "A defendant under community control is entitled to both a preliminary and a final revocation hearing.  *Gagnon [v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).]  The preliminary hearing is a 'probable cause' hearing to determine if a defendant violated any terms of his community control.  *Morrissey v. Brewer* (1972), 408

U.S. 471 at 485, 92 S.Ct. 2593, 33 L.Ed.2d 484. However, 'the judgment of a trial court revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing.' *State v. Miller* (1975), 45 Ohio App.2d 301, 345 N.E.2d 82; *State v. Marvin* (1999), 134 Ohio App.3d 63, 730 N.E.2d 401."  *State v. Kiser*, 5th Dist. Tuscarawas No. 2008 AP 030014, 2009-Ohio-1337, ¶ 21.

**{¶ 27}** The trial court did not err in failing to conduct a preliminary probable cause hearing. In response to the court's question about whether Brown wanted an evidentiary hearing, Brown's attorney stated that "we would not need a formal hearing" because Brown was prepared to admit a violation of condition number 6 (illegal drugs) of his community control. Although Brown states on appeal that he could not find any waiver of the preliminary hearing in the record, it appears from the transcript that trial counsel waived such a hearing in open court. Moreover, in light of Brown's admission to the violation, there is no basis to conclude that Brown was prejudiced by the failure to conduct a preliminary hearing on the revocation.

**{¶ 28}** The third assignment of error is overruled.

**{¶ 29}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Brent E. Rambo
Hon. Dennis J. Adkins