[Cite as *Dublin v. Willms*, 2018-Ohio-5144.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

City of Dublin,                              :

         Plaintiff-Appellee,        :           No. 17AP-847
                                                 (M.C. No. 2014 CRB 14062)

v.                                     :

                                                    (REGULAR CALENDAR)

Brian Willms,                         :

         Defendant-Appellant.      :

---

## D E C I S I O N

### Rendered on December 20, 2018

---

**On brief**: *Frost Brown Todd LLC*, *Jennifer D. Readler*, *Stephen J. Smith*, **and** *Thaddeus M. Boggs*, **for appellee.** **Argued**: *Thaddeus M. Boggs*.

**On brief**: *Soroka and Associates, LLC*, *Roger Soroka*, *Joshua Bedtelyon*, **and** *Aaron Jones*, **for appellant.** **Argued**: *Aaron Jones*.

---

APPEAL from the Franklin County Municipal Court

BROWN, P.J.

{¶ 1} Brian Willms, defendant-appellant, appeals the judgment of the Franklin County Municipal Court in which the court continued his probation.

{¶ 2} On August 25, 2015, appellant was convicted of sale to and use by underage persons; securing public accommodations, which is a first-degree misdemeanor. The court sentenced him to 180 days of incarceration, which was suspended for a two-year period of community control on the condition he complete three speeches at Dublin High Schools warning of the dangers of alcohol use.

{¶ 3} On December 7, 2016, appellant's probation officer filed a statement of violation based on appellant's failure to complete the speeches. The trial court extended probation until January 31, 2019.

{¶ 4} On September 7, 2017, appellant's probation officer filed another statement of violation based on appellant's failure to complete the speeches. On October 27, 2017, the trial court held a probation revocation hearing. Appellant stipulated to probable cause for revocation and requested a second hearing date for a final determination in order to present mitigation evidence and testimony. The City of Dublin, plaintiff-appellee ("city") had no objection. The trial court denied appellant's request stating that "[d]ragging this out more and more is not going to change a damn thing." (Tr. at 5.) The court ordered the parties to proceed immediately to mitigation. At the conclusion of mitigation, the trial court ordered appellant to 21 days of detention in the Alvis House Work Release Facility ("Alvis House") and ordered him to select his dates for detention, which appellant eventually did. The court issued a decision on November 17, 2017.

{¶ 5} On the same day, November 17, 2017, appellant filed a motion for reconsideration, requesting the court order community service. On November 29, 2017, the trial court denied the motion for reconsideration.

{¶ 6} On November 29, 2017, appellant filed an appeal with this court. On November 30, 2017, appellant filed in the trial court a motion to stay execution of sentence pending appeal. Appellant's counsel attempted to discuss the motion to stay with the trial court the same day but the court did not issue a decision.

{¶ 7} On December 1, 2017, the trial court issued an arrest warrant and another statement of violations based on appellant's failure to report to the Alvis House. Appellant was arrested at his home and taken to jail.

{¶ 8} Also on December 1, 2017, appellant's counsel approached the trial court to request a decision on the motion to stay. The trial court indicated it would need to review the matter and would not make a decision until December 4, 2017. At his December 2, 2017 arraignment, appellant again requested a ruling on the motion to stay but the trial court denied the motion. On December 4, 2017, appellant filed a motion to stay with this court and we denied it.

{¶ 9} On December 14, 2017, the trial court held a revocation hearing based on appellant's failure to appear for work release at the Alvis House, after which the court terminated appellant's probation and ordered appellant to serve 45 days in jail with credit for time served. Appellant proceeded to serve the sentence imposed by the trial court. On appeal of the trial court's November 17, 2017 judgment, appellant asserts the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT THE OPPORTUNITY TO PRESENT WITNESSES AT HIS PROBATION REVOCATION HEARING AND REFUSED TO ALLOW A REQUESTED TWO-PART HEARING.

{¶ 10} Appellant argues in his sole assignment of error the trial court erred when it denied him the opportunity to present witnesses at his probation revocation hearing and refused to allow a two-part hearing. The Fourteenth Amendment to the United States Constitution guarantees due process rights to persons subject to probation revocation. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The *Gagnon* decision was an extension of a 1972 United States Supreme Court decision which guaranteed due process rights to persons subject to parole revocation. *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972). Both *Morrissey* and *Gagnon* require a procedure comprised of two separate steps to determine whether probation or parole should be revoked. A probationer is therefore entitled to due process in the form of a preliminary and final revocation hearing. "A preliminary hearing is a hearing at which the sole inquiry is whether there is probable cause to believe the probationer has violated the terms of probation." *State v. Kidwell*, 10th Dist. No. 94APA06-883 (Feb. 16, 1995). "Once the court determines that probable cause exists, a final hearing is held to determine whether terms of probation have in fact been violated and if so, whether probation should be revoked or modified." *Id.*, citing *Gagnon* at 782. During this second hearing, the probationer is entitled to minimum due process rights, including the right to notice of the alleged violations, the right to present evidence, and the right to confront witnesses. *Id.*, citing *Gagnon* at 786.

{¶ 11} A trial court may hold the two hearings serially in one consolidated hearing, which is not unusual for courts to do, particularly when the defendant stipulates to violations of community control. *See, e.g., State v. Marvin*, 134 Ohio App.3d 63 (3d

Dist.1999) (after appellant admitted his violation to the trial court just after commencement of the hearing, the court proceeded to address issues relevant to the final revocation hearing); *State v. Brown*, 7th Dist. No. 10 MA 34, 2010-Ohio-6603 (after appellant stipulated to probable cause for the violations and openly admitted he committed the violations, the trial court proceeded directly to the final revocation hearing); *State v. Hammonds*, 10th Dist. No. 06AP-1122, 2007-Ohio-4456 (after the defendant stipulated to probable cause and admitted to community control violations, the trial court proceeded to the mitigation phase of the proceedings). "There is authority in Ohio * * * that this requirement for a two-step procedure does not mandate two separate hearings held on different dates." *Columbus v. Kostrevski*, 10th Dist. No. 92AP-1257 (Feb. 23, 1993), citing *State v. Miller*, 45 Ohio App.2d 301 (3d Dist.1975). A trial court's revocation of probation without holding two separate hearings will be reversed only if the defendant was prejudiced by such. *See Miller* at 306 (the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless it appears from the record the defendant was prejudiced). Here, appellant did not stipulate to a violation of the probation conditions but stipulated only there existed probable cause he violated the probation conditions.

{¶ 12} However, before addressing the merits of appellant's argument, we must address the assertion by the city that the issue appellant raises is moot because appellant has already served his sentence. We agree the matter is moot, but for different reasons. In general, courts will not decide issues that are moot. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). "[A] court will generally not resolve a moot controversy." *Lingo v. Ohio Cent. R.R.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20.

> "Actions or opinions are described as 'moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' "

*Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (11th Dist.1948).

{¶ 13} In the present case, we must initially point out appellant indicates throughout his pleadings here and in the trial court that the trial court revoked his probation at the October 27, 2017 hearing and in the November 17, 2017 probation entry. It did not. At the end of the hearing, the trial court specifically stated it was not terminating probation. In the probation entry, the court did not check the "Probation Revoked" box; instead, the court checked the "Probation Continued" box and then added a condition of probation for "[Defendant] to serve 3 weeks work release. [Defendant] must provide work information to court work release no later than 11/5/17." (Emphasis sic.) The trial court did not revoke probation until December 12, 2017 after holding another revocation hearing based on appellant's failure to appear for work release on November 30, 2017 as directed by the court.

{¶ 14} We next point out it appears from the record that appellant never even served the three-week work-release condition ordered in the November 17, 2017 entry. Instead, appellant failed to appear for work release on the ordered date, and the trial court issued a warrant for his arrest. Appellant was subsequently arrested at his home on December 1, 2017, and taken to the Franklin County Jail where he remained until his probation was revoked at the December 12, 2017 revocation hearing. In the December 12, 2017 entry revoking probation, the trial court ordered appellant serve 45 days with 12.33 days credited based on his incarceration after his arrest.

{¶ 15} Appellant claims the present appeal is not moot based on *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389 2011-Ohio-2673, in which the court held completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, the appellant has a substantial stake in the judgment of conviction, and there is subject matter for the appellate court to decide.

{¶ 16} Appellant's arguments and the application of *Lewis* raise several problematic issues stemming from appellant's misconception of the appealed judgment. First, as explained above, there was no "sentence" emanating from the appealed

judgment. The court ordered work release as part of the probation condition in the November 17, 2017 entry. Second, appellant never completed, or even started, the condition ordered. Third, because appellant never completed the work-release condition, no question of voluntariness is even prompted. Fourth, appellant's insistence that he is not only challenging his sentence but also the improper revocation of his probation is of no consequence because the trial court never revoked his probation in the appealed entry. Fifth, appellant argued at oral argument that he maintained a stake in the outcome because, if he were ever to get into legal trouble again, a court could use his probation revocation against him; however, as explained, the November 17, 2017 entry did not revoke probation. The only thing the court ordered in the November 17, 2017 entry was work release as a condition of probation, and we can see no future adverse consequences that could result from a change in probation conditions. Sixth, the November 17, 2017 entry does not even technically find appellant violated the conditions of his probation. Instead, the court checked the boxes to indicate appellant stipulated to probable cause and the court found probable cause for a probation violation. Although the transcript suggests the trial court did not believe appellant complied with the conditions of his probation, there is no formal court entry at issue indicating the trial court made a final determination that appellant, in fact, violated his probation conditions.

{¶ 17} Considering all of the above, the present appeal is not viable. Although appellant seeks to address the trial court's failure to allow him a continuance in order to secure witnesses for the second stage of his probation revocation hearing, this issue has become moot. The trial court did not revoke his probation, and he never completed the work-release condition. Hypothetically, if this court were to address and agree with appellant's contention on appeal, our determination would be without material consequence on remand. The trial court could hold another revocation hearing and allow appellant to present witnesses, but no revision of the judgment entry before us on appeal would benefit appellant. Removal of the work-release condition is immaterial at this point, and appellant never completed his work-release condition. The only other findings in the entry are that appellant stipulated to probable cause and the trial court found probable cause, findings appellant does not contest. There is simply no remedy this court can provide in this appeal based on the judgment entry being appealed before us.

{¶ 18} The only consequence proposed by appellant that could be of any potential significance emanating from the proceedings below is the suggestion in the transcript that appellant, in fact, violated the conditions of his probation. Although we reiterate the court never formalized such finding in this written entry—rendering its use in a future proceeding dubious—appellant fails to convince us this finding would sufficiently demonstrate his stake in the outcome. Any concern that a future court would use such finding to render an unfavorable determination in a hypothetical proceeding is highly speculative. Speculation is insufficient to establish a legally cognizable interest on which a court can base an exception to the mootness doctrine. *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 11.

{¶ 19} Finally, we note that any error—and the mootness of any such potential error—in the court's December 12, 2017 entry revoking parole and sentencing appellant to a jail term based on a violation of the work-release condition in the November 17, 2017 entry is not before us. Appellant has not appealed this entry. Insofar as the parole revocation in the December 12, 2017 entry might have provided a stake in the present appeal, appellant has served that sentence, the case has been terminated, he has not appealed that entry, and any former, possible stake he might have claimed, in that respect, is now extinct. Therefore, for these reasons, we find appellant's assignment of error is moot.

{¶ 20} Accordingly, appellant's single assignment of error is moot, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____