OPINION
{¶ 1} William Moore, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court revoked appellant's community control.
 {¶ 2} On November 1, 2002, appellant was indicted on two counts of robbery and one count of kidnapping. On February 5, 2003, appellant withdrew his not guilty plea and pled guilty to one count of robbery, a felony of the third degree. The other charges were dismissed. On April 3, 2003, the trial court ordered appellant to serve a prison term of four years, suspended on condition of completion of three years of community control in the Franklin County Community Based Correctional Facility ("CBCF"). On July 10, 2003, the court conducted a resentencing hearing and found appellant had violated the terms of his community control. The trial court revoked appellant's community control and ordered appellant to serve the four-year prison term. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
Assignment of Error: The trial court committed plain error in revoking Appellant's community control and imposing a four year term of incarceration where the record does not show a sufficient written or oral notice of the nature of the alleged violation or the reason for the revocation, thereby violating Appellant's right to due process of law as guaranteed by theFourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 3} Appellant argues in his assignment of error that the trial court erred in revoking his community control when it failed to: (1) provide sufficient notice of the nature of the alleged violation; and (2) an oral or written statement explaining the reason for the revocation. Appellant concedes that he did not object on these grounds during the hearing below. Therefore, we review appellant's argument under a plain error standard. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. State v. Moreland (1990), 50 Ohio St.3d 58, 62. The Ohio Supreme Court has set forth a tripartite test to determine whether plain error is present: (1) there must be an error; (2) the error must be plain, i.e., the error must be an obvious defect; and (3) the error must have infringed upon substantial rights by affecting the outcome of the trial. State v. Barnes
(2002), 94 Ohio St.3d 21, 27.
 {¶ 4} The United States Supreme Court has established both a bipartite procedure and certain minimum due process requirements for probation revocation hearings. See Gagnon v. Scarpelli
(1973), 411 U.S. 778, 93 S.Ct. 1756. Specifically, the process of revoking probation requires a preliminary probable cause hearing and a subsequent final revocation hearing. Id. at 784-786. At the preliminary hearing, the sole inquiry is whether the probationer has, in fact, violated the terms of probation. Id. Once it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified. Id.
 {¶ 5} The Fourteenth Amendment guarantees minimum due process requirements for the revocation hearing, including: (1) notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied upon and the reasons for revoking probation. Id., quotingMorrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593.
 {¶ 6} Appellant first argues that the trial court failed to provide sufficient notice of the nature of the alleged violation. We find the trial court's procedure complied with due process. Appellant's probation officer filed with the court a request for revocation of probation and statement of violation explaining the grounds for the requested probation revocation. This was sufficient to comply with due process. See State v. Moosman
(Oct. 23, 1998), Wood App. No. WD-97-114 (minimum due process requirements in revoking a defendant's probation are complied with when the defendant received written notice of the claimed violations of probation and the evidence against him through the petition for revocation of probation filed against him); see, also, State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007, at ¶ 14 (notice received was not unfair or constitutionally deficient when, prior to the hearing, the appellant received written notice from the probation officer that revocation was sought on the basis that appellant had been terminated from the work-release program, before completing 60 days of work release, for an alleged confrontation with another inmate).
 {¶ 7} Appellant suggests there is no evidence in the record that he ever received service of the probation officer's written notice. Although we see no proof of service in the record, appellant actually stops short of contending that he did not, in fact, have notice of the probation officer's filing. Notwithstanding, the record of the combination probable cause/revocation hearing reveals that appellant appeared at the hearing and specifically stipulated to the commission of the violation and chose to proceed only on the mitigation aspect of the revocation hearing. Appellant did not contest any statements during the proceeding, protest his counsel's stipulation to and general description of the violations, or question the judge's brief oral recital of the violations that formed the basis of the revocation, and he was prepared to present both evidence and testimony in mitigation. Such actions and inactions suggest appellant had notice of the violations. See Miller, supra (notice was sufficient when the record of the revocation hearing did not suggest that the appellant was surprised or unaware of the nature of the alleged parole violation). Appellant also makes no claim that the outcome would have been any different had he received notice of his violations in any other manner or that he would have prepared his case any differently. Id. (notice was sufficient when the appellant failed to show any prejudice as a result of the notice he did receive prior to the revocation hearing); see, also, State v. Hannah (Dec. 15, 1998), Franklin App. No. 98AP-518, citing Long, supra, at 97 (the plain error doctrine permits an appellate court to reverse the judgment of the trial court if the error is of such nature that the outcome of the hearing would have been otherwise but for the error). As the record is devoid of any suggestion that appellant did not freely admit the violations or contest any statements during the hearing, we presume appellant had been sufficiently notified of the nature of the alleged violation.
 {¶ 8} Appellant also contends that the trial court erred because the record does not indicate the trial court gave a written statement explaining the reasons for revoking probation. However, as explained above, appellant specifically stipulated that probable cause existed that he had committed a probation violation. Thus, appellant was clearly aware of the reasons for the revocation of his probation. Nevertheless, the trial court did state on the record at the revocation hearing that appellant was written up for abusive language, verbally abused resident advisors at CBCF, and did not complete tasks the advisers asked of him, all of which caused his dismissal from the facility. Successful completion of community control at CBCF was a requirement of probation, as indicated in the original judgment entry ordering community control for appellant. The trial court also stated that the original crime was serious, the court had a responsibility to protect the public, and revocation was necessary to get appellant's attention. The Ohio Supreme Court has held that an oral statement by the court can satisfy the requirement in Gagnon of a written statement if it sufficiently informs the probationer of the reasons for revoking probation and provides an adequate record for review. State v. Delaney
(1984), 11 Ohio St.3d 231. In view of appellant's stipulation to the violation and the trial court's statements on the record at the hearing, we find appellant was sufficiently informed of the reasons for which his probation was revoked consistent with due process. Particularly given the plain error standard under which we must review appellant's arguments, we conclude that the record shows appellant was afforded the type of due process required under the law. Therefore, appellant's assignment of error is not well-taken.
 {¶ 9} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.