OPINION
{¶ 1} Defendant-appellant, Bruce E. Hammonds ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas revoking his community control. *Page 2 
 {¶ 2} On June 9, 2005, pursuant to a plea bargain, appellant pled guilty to one count of theft, in violation of R.C. 2913.02, a misdemeanor of the first degree, and one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, a felony of the fourth degree. The court then sentenced appellant to three years community control, ordered him to serve 30 days in a work-release program, complete 40 hours of community service, maintain full-time employment, and ordered him to pay fees ("financial obligations") totaling $1,587.[1] Appellant was also advised that any violation of his community control could lead to 18 months in prison.
 {¶ 3} On October 18, 2005, appellant's probation officer filed a request for revocation of probation, alleging that appellant made an inappropriate remark to a female staff member while performing community service. A hearing was held, and the court imposed eight days in jail in lieu of appellant fulfilling the remaining hours of community service. At that time, appellant was reminded that payment of the financial obligations was still outstanding.
 {¶ 4} On August 31, 2006, appellant's probation officer filed another request for revocation of probation on the basis that appellant failed to complete his community service hours and failed to pay the financial obligations ordered. Under the "additional information" section of said request, the probation officer listed the following: appellant's conviction in Franklin County Municipal Court case No. 177235-1/05 for driving while under suspension ("municipal court conviction"), additional felony charges of theft and *Page 3 
possession of criminal tools pending in Delaware County, Ohio, in case No. 06CR-1-03-114,[2] and appellant's previous revocation hearing held in October 2005.
 {¶ 5} On September 7, 2006, the trial court conducted a revocation hearing. Appellant's counsel stipulated that probable cause existed as to the violation regarding appellant's failure to satisfy the financial obligations, but clarified that appellant's community service obligation had been satisfied when, in connection with the revocation hearing held in October 2005, appellant had served eight days in jail. Further, in response to a question posed by the trial judge, appellant's counsel admitted to appellant's municipal court conviction. Having noted the admissions regarding appellant's failure to pay the financial obligations ordered and his subsequent municipal court conviction (collectively referred to as "the community control violations"), the court, with the acquiescence of appellant's counsel, proceeded to the mitigation phase of the proceedings. After affording appellant the opportunity to speak, during which he admitted to the community control violations, the court revoked appellant's community control, ordered him to serve an 18-month prison term (less 125 days of jail-time credit), and again ordered appellant to pay the financial obligations. It is from this judgment that appellant appeals.
 {¶ 6} On appeal, appellant raises the following two assignments of error: *Page 4 
 [1] THE REVOCATION HEARING CONDUCTED IN THE TRIAL COURT DID NOT SATISFY DUE PROCESS STANDARDS APPLICABLE TO REVOCATION OF PROBATION AND COMMUNITY CONTROL IN THE STATE COURTS.
 [2] THE COURT ERRED BY FINDING APPELLANT IN VIOLATION OF THE TERMS OF HIS COMMUNITY CONTROL AND IN IMPOSING THE MAXIMUM 18-MONTH PRISON TERM ALLOWED FOR A FOURTH DEGREE FELONY.
 {¶ 7} By his first assignment of error, appellant asserts that the revocation hearing conducted by the trial court resulted in a violation of his due process rights. According to appellant, the only two reasons identified in the request for revocation were his failure to pay the financial obligations and his failure to complete his community service hours, and, therefore, these were the only claimed violations of which he was given written notice. Given the foregoing, appellant argues the trial court improperly considered his municipal court conviction and the charges pending against him in Delaware County in revoking his probation. Appellant also contends the trial court erred by failing to hold a bifurcated hearing; the first to determine probable cause, and the second for adjudication. As plaintiff-appellee, State of Ohio ("the State"), points out, however, appellant did not object on these grounds during the hearing below. Therefore, we review appellant's argument under a plain error standard.
 {¶ 8} Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial *Page 5 
would clearly have been otherwise. State v. Moreland (1990),50 Ohio St.3d 58, 62. The Supreme Court of Ohio has set forth a tripartite test to determine whether plain error is present: (1) there must be an error; (2) the error must be plain, i.e., the error must be an obvious defect; and (3) the error must have infringed upon substantial rights by affecting the outcome. State v. Barnes (2002), 94 Ohio St.3d 21, 27.
 {¶ 9} The United States Supreme Court has established both a bipartite procedure and certain minimum due process requirements for probation revocation hearings. See Gagnon v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756. Specifically, the process of revoking probation requires a preliminary probable cause hearing and a subsequent final revocation hearing. Id. at 784-786. At the preliminary hearing, the sole inquiry is whether the probationer has, in fact, violated the terms of probation. Id. Once it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified. Id.
 {¶ 10} The Fourteenth Amendment guarantees minimum due process requirements for the revocation hearing, including: (1) notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation. Id., quotingMorrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593. *Page 6 
 {¶ 11} Contrary to appellant's assertion, it does not appear from the record that appellant's charges in Delaware County played a role in the trial court's decision to revoke his community control. The record does, however, reflect that appellant's municipal court violation was a factor. In that regard, appellant argues the court failed to provide sufficient notice that his municipal court conviction would be considered as a basis for revocation, and, thus, consideration of same violated his due process rights. Appellant's argument, however, fails for several reasons.
 {¶ 12} First, appellant did not assert a due process challenge to the trial court on this basis.
 {¶ 13} Second, while it is true that the request for revocation did not advance appellant's municipal court conviction as a basis for revocation, it was still identified in the request for the court's consideration. During the hearing, appellant's counsel stipulated to that conviction, and appellant made reference to it when he spoke in mitigation. And, as the sentencing entry makes clear, appellant's municipal court conviction was a community control violation. (Judgment entry, June 13, 2005, at 2.) Appellant did not contest any statements during the proceeding, protest his counsel's stipulations, or question the judge's oral recital of the violations that formed the basis of the revocation. Nor does the record of the hearing suggest that appellant was surprised or unaware that his municipal court conviction could serve as a basis for revocation. Cf. State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007, at ¶ 14. Such actions and inactions suggest appellant had sufficient notice of the violations. State v. Moore, Franklin App. No. 03AP-803, 2004-Ohio-2521, at ¶ 7, 8. Further, appellant also makes no claim that the outcome would have *Page 7 
been any different had he received notice of his violations in any other manner, or that he would have prepared his case any differently.Miller, supra (notice was sufficient when the appellant failed to show any prejudice as a result of the notice he did receive prior to the revocation hearing); see, also, State v. Hannah (Dec. 15, 1998), Franklin App. No. 98AP-518, citing Long, supra (the plain error doctrine permits an appellate court to reverse the judgment of the trial court if the error is of such nature that the outcome of the hearing would have been otherwise but for the error).
 {¶ 14} As the record is devoid of any suggestion that appellant did not freely admit to the municipal court conviction as a community control violation, or contest any statements during the hearing, we presume appellant had been sufficiently notified of the nature of the alleged violation. In view of appellant's stipulations to the community control violations and the trial court's statements on the record at the hearing, we find appellant was sufficiently informed of the reasons for which his community control was revoked, and such notice was consistent with due process. Particularly given the plain error standard under which we must review appellant's arguments, we conclude that the record shows appellant was afforded the type of due process required under the law.
 {¶ 15} Lastly, we do not find that appellant was prejudiced by the consolidated hearing. Given the stipulations to the community control violations, it was not inappropriate for the court to consolidate the proceedings into a single hearing. Columbus v. Kostrevski (Feb. 23, 1993), Franklin App. No. 92AP-1257. Appellant's counsel did not indicate that he was unprepared to go forward, nor did appellant voice any objection. See, e.g., State v. Wilhite, Union App. No. 14-06-16,2007-Ohio-116, *Page 8 
at ¶ 7-9; Kostrevski, supra. Further, both appellant and his counsel spoke in mitigation. Based on these facts, we conclude that appellant cannot satisfy his burden under the plain error standard because he cannot show any prejudice as a result of the consolidated hearing.
 {¶ 16} Accordingly, we overrule appellant's first assignment of error.
 {¶ 17} In his second assignment of error, appellant argues that the trial court erred in imposing an 18-month sentence. Within this assignment of error, appellant raises two sub-arguments. First, appellant claims the trial court's revocation of his community control constituted imprisonment for nonpayment of debt. And, second, appellant contends that the court abused its discretion in imposing the maximum penalty (18 months). Given that we have already found the court did not err in revoking appellant's community control based on his municipal court conviction, we need not address appellant's first sub-argument.
 {¶ 18} R.C. 2929.15(B) states what a sentencing judge can do if a defendant on community control violates the terms of that control. It states, in pertinent part:
 If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose * * * a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code. * * * *Page 9 
 {¶ 19} In this case, the trial court revoked appellant's community control and ordered appellant to serve an 18-month term of imprisonment. The term of imprisonment imposed by the court is within the range of prison terms available for a conviction of failure to comply with an order or signal of a police officer, a fourth-degree felony, and did not exceed the prison term specified in the notice provided to appellant at the sentencing hearing. (Sentencing entry, June 13, 2005, at 2.) With respect to the latter, because the trial court apprised appellant of the specific prison term that would be imposed, appellant's reliance onState v. McPherson (2001), 142 Ohio App.3d 274, is misplaced.
 {¶ 20} Based on the foregoing, we find that the trial court did not err by imposing an 18-month term of imprisonment on appellant, and overrule appellant's second assignment of error.
 {¶ 21} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and KLATT, J., concur.
[1] This figure includes a supervision fee in the amount of $60, court costs in the amount of $1,027, and restitution in the amount of $500.
[2] Although immaterial to our analysis, we note, for the sole purpose of providing a complete record, that appellant entered a plea of no contest to one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, and was sentenced to 45 days in the Delaware County jail. State v. Hammonds (Jan. 19, 2007), Delaware C.P. No. 06CR-1-03-114. *Page 1