[Cite as *State v. Waddell*, 2014-Ohio-4829.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-372 |
| v. | : | (C.P.C. No. 13CR-4123) |
| Ebony M. Waddell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Meeks & Thomas Co.*, *LPA*, and *David H. Thomas*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Ebony M. Waddell, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court revoked her probation.

{¶ 2} Appellant was indicted on one count of felonious assault after stabbing her boyfriend with a knife. The court ordered a mental examination and found appellant suffered from mental illness but was competent. On November 4, 2013, appellant pled guilty to one count of attempted felonious assault, and the court sentenced her to community control with requirements that appellant undergo drug screens, participate in a drug-treatment program, and continue taking her medications. Although appellant entered a drug-treatment program, she failed two subsequent drug tests within 12 days of

being placed on community control, prompting her probation officer to file a request for revocation of community control.

{¶ 3} On April 4, 2014, the court held a probation revocation hearing. Appellant's counsel stipulated to the probation violations. Appellant's counsel also requested another competency evaluation, which the trial court denied. On April 7, 2014, the trial court revoked appellant's probation and sentenced her to a two-year prison term. Appellant appeals the judgment, asserting the following assignment of error:

> DEFENDANT-APPELLANT'S COUNSEL WAS INEFFEC-TIVE IN ADVOCATING FOR THE DEFENDANT BY FAILING TO REQUEST A SECOND, FINAL PROBATION REVOCATION HEARING, AND FAILING TO PRESENT MITIGATION EVIDENCE IN SUPPORT OF HER CONTINUANCE ON PROBATION; AND THUS, THESE SERIOUS ERRORS PREJUDICED DEFENDANT-APPELLANT BY DEPRIVING HER OF HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR HEARING UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

{¶ 4} Appellant argues in her assignment of error that her counsel provided ineffective assistance. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

{¶ 5} An attorney properly licensed in the state of Ohio is presumed competent. *State v. Lott*, 51 Ohio St.3d 160, 174 (1990). The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 100

(1985). In demonstrating prejudice, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 6} In the present case, appellant presents four instances of alleged ineffective assistance of counsel: (1) counsel failed to detail his problems with the previous competency evaluation, (2) counsel failed to outline appellant's current mental state and her ability to comprehend the proceedings, (3) counsel failed to request a second, final probation revocation hearing, and (4) counsel failed to present any mitigation evidence. With regard to the first argument that trial counsel was ineffective because he failed to detail his concerns about the previous competency evaluation, our review of the record reveals that trial counsel requested another competency evaluation but the trial court denied such. Trial counsel told the trial court only that he had "issues" and took some "exceptions" to the initial competency evaluation, so we lack any record to determine the merits of his concerns. Nevertheless, the trial court cited its reasons for denying the request for another evaluation, and it appears unlikely that counsel's argument would have persuaded the trial court to grant the request. The trial court stated that it believed counsel's request for another competency evaluation at the April 4, 2014 hearing was "inappropriate," apparently on the basis that appellant was already found competent at a recent November 4, 2013 hearing. The trial court summarized its actions in the case. The court explained that appellant requested a competency evaluation, the court granted it to her, she was evaluated, found competent, entered a plea of guilty, and the court placed her on probation. The underlying tenor of the court's decisive denial was that it had already agreed once to assess appellant's competency, and it was not going to revisit the issue so soon after the first evaluation. We fail to find that the outcome would have been different had trial counsel expounded on his reasons for wanting a second competency finding in six months.

{¶ 7} In her second argument, appellant argues that her trial counsel was ineffective when he failed to outline appellant's current mental state and her ability to comprehend the proceedings. However, as mentioned, the trial court denied appellant's request for a second competency evaluation decisively due to the recentness of the prior

competency evaluation, and the court was unlikely to be persuaded by any argument that appellant's competency had changed in such a short time period. Furthermore, insofar as appellant may be arguing that defense counsel failed to discuss her mental health issues at any time before the trial court, such is untrue. The record reveals that appellant's counsel did inform the court that appellant was taking medication, had a couple of diagnoses mainly based on schizophrenia, and was doing better on the medication she had been taking in jail during the mitigation phase of the trial. For these reasons, we find this argument without merit.

{¶ 8} In her third argument, appellant contends her trial counsel should have requested a second, final revocation hearing. Revocation of probation implicates two due process requirements. The first requirement is a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his probation. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey v. Brewer*, 408 U.S. 471 (1972). In this case, there was a hearing, and appellant conceded that probable cause existed for the probation violation.

{¶ 9} If it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified. *Columbus v. Lacey*, 46 Ohio App.3d 161, 162 (10th Dist.1988), citing *Gagnon* at 784-86. The purpose of the final revocation hearing is to give the defendant "an opportunity to be heard and to show" that he either did not violate his conditions or that certain mitigating circumstances "suggest that the violation does not warrant revocation." *Morrissey* at 488.

{¶ 10} There was no due process violation in this case. The trial court here appears to have intended to hold both a preliminary probable cause hearing and a final revocation hearing in a consolidated hearing. The trial court stated at the commencement of the hearing that it was a "first hearing" and then asked appellant's counsel whether appellant wished to stipulate to probable cause and schedule the matter for a full hearing on a later date. After consulting with appellant, trial counsel indicated that appellant wished to stipulate to probable cause. Appellant also stipulated that she violated the terms of community control, which would normally be a determination made by the court during the final revocation hearing. The trial court then asked whether appellant desired to offer

anything in mitigation, which would also be part of the final revocation hearing, and appellant's counsel proceeded to do so.  Thus, the trial court held the two hearings serially in one consolidated hearing, which is not unusual for courts to do, particularly when the defendant stipulates to violations of community control.  *See, e.g., State v. Marvin*, 134 Ohio App.3d 63 (3d Dist.1999) (after appellant admitted his violation to the trial court just after commencement of the hearing, the court proceeded to address issues relevant to the final revocation hearing); *State v. Brown*, 7th Dist. No. 10 MA 34, 2010-Ohio-6603 (after appellant stipulated to probable cause for the violations and openly admitted that he committed the violations, the trial court proceeded directly to the final revocation hearing); *State v. Hammonds*, 10th Dist. No. 06AP-1122, 2007-Ohio-4456 (after the defendant stipulated to probable cause and admitted to community control violations, the trial court proceeded to the mitigation phase of the proceedings); *State v. Wilhite*, 3d Dist. No. 14-06-16, 2007-Ohio-116 (after appellant admitted to a violation of community control and defense counsel requested a second revocation hearing, the trial court indicated that it never holds two separate revocation hearings).

{¶ 11} This court has found that "[t]here is authority in Ohio * * * that this requirement for a two-step procedure does not mandate two separate hearings held on different dates." *Columbus v. Kostrevski*, 10th Dist. No. 92AP-1257 (Feb. 23, 1993), citing *State v. Miller,* 45 Ohio App.2d 301 (3d Dist.1975).  In *Kostrevski*, we acknowledged the holding in *Miller* that the need to establish probable cause in the first step, and then to determine in the second step whether the violation should result in revocation of probation, does not necessarily require an interval of time between the two steps.  *Id.* Finding no prejudice to the defendant in *Kostrevski*, the court rejected her contentions that combining the procedure into a single hearing violated her due process rights.  *Id.*

{¶ 12} Regardless, a trial court's revocation of probation without holding two separate hearings will be reversed only if the defendant was prejudiced by such.  *See Miller* at 306 (the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced).  Here, we fail to find appellant suffered any prejudice by the trial court's actions, and appellant fails to allege any.  Appellant's positive drug screens were clearly violations of the terms of her community control, and she admitted to the

violations. We cannot discern what advantage appellant would have gained by delaying the revocation hearing. Appellant's counsel did not indicate he was unprepared to move forward with the final revocation hearing, and he presented an argument in mitigation that included references to appellant's mental health issues. *See Marvin* at 69 (no prejudice when trial court held a single hearing on the community control violation because the defendant admitted his violation to the court just after commencement of the hearing, and the defendant was given the opportunity to offer evidence in mitigation of punishment); *State v. Brown*, 2d Dist. No. 25342, 2013-Ohio-2756 (trial court did not err when it failed to hold two hearings when the defendant admitted a probation violation, and there was no prejudice); *Hammonds* at ¶ 15 (given the stipulations to the community control violations, the lack of any indication that defense counsel was unprepared and that the defendant's counsel spoke in mitigation, the defendant could demonstrate no prejudice, and it was not inappropriate for the court to consolidate the proceedings into a single hearing); *Wilhite* at ¶ 9 (no prejudicial error for trial court to hold one consolidated hearing when defense counsel stipulated to the probation violation, defense counsel indicated he was prepared to go forward with the final revocation hearing, and defense counsel made specific statements in mitigation). Thus, because we find no prejudice as a result of the trial court holding one consolidated hearing, we cannot find appellant's counsel was ineffective.

{¶ 13} Furthermore, insofar as appellant might argue that her counsel was ineffective in stipulating to the violations, it appears from the hearing transcript that defense counsel consulted appellant before informing the trial court that appellant wished to stipulate to the violations. Nevertheless, defense counsel's stipulation to the violations of the community control terms could have been sound trial strategy. As explained, the violations were for drug usage, and the results were based on urine screens. Therefore, the screening results were clear and without apparent basis to contest, and any argument that appellant did not violate the terms of her community control may have been interpreted by the trial court as an obstinate refusal to accept responsibility for her actions. Thus, trial counsel's actions fall under the wide range of sound trial strategy. *See Brown*, 2010-Ohio-6603, at ¶ 18 (in probation revocation proceedings, it was not ineffective assistance for counsel to opt to stipulate to the probation violation and

concentrate on presenting mitigating circumstances to try and minimize the penalty). Thus, this argument is without merit.

{¶ 14} With regard to the fourth argument that trial counsel failed to present any mitigation evidence, the record reveals that trial counsel did present a mitigation argument. Trial counsel explained to the court that appellant had only participated in drug counseling for a very brief period, with her first drug screen coming back positive. Counsel argued that the court should continue appellant on community control because she had not been given an opportunity to participate in drug counseling for a reasonable time. Counsel also asserted that appellant should continue on community control to allow her to continue to take her medication to treat her mental health issues, including schizophrenia, because she had been doing much better since she had recently started taking her medication. Furthermore, it is notable that appellant violated her probation by using marijuana, and her presentence investigation indicated that appellant had used marijuana for many years. Thus, it does not appear that appellant's use of marijuana at the time of the probation violation was due to a change in her competency since the prior evaluation but, rather, was a long standing habit. Therefore, because trial counsel did present evidence in mitigation, we find appellant's contention without merit. For the foregoing reasons, we find appellant was not provided ineffective assistance of counsel. Appellant's assignment of error is overruled.

{¶ 15} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

_____