[Cite as *State v. Harwell*, 2020-Ohio-6880.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-5 |
| v. | : | (C.P.C. No. 15CR-518) |
| Cedric D. Harwell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton*.

**On brief**: *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant. **Argued:** *Kerry M. Donahue*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Cedric D. Harwell, appeals the decision of the Franklin County Court of Common Pleas revoking his release on community control and sentencing him to a term of four years of incarceration.

{¶ 2} On March 30, 2015, Harwell entered a plea of guilty to a charge of second-degree-felony robbery, and on April 24, 2015, the trial court sentenced him to a term of four years of incarceration. On August 22, 2016, the trial court granted Harwell's motion for judicial release, placed him on three years of intensive probation, and held that "if the Defendant violates Community Control, Defendant will receive a prison term of four (4) years."

No. 20AP-5

{¶ 3} A statement of probation violations was filed on January 9, 2019, asserting that Harwell had tested positive for drug use on several occasions, that he had failed numerous times to take required drug screens, and that he had failed to pay court-ordered restitution. He failed to appear before the court at a hearing and was declared an absconder on January 31, 2019. Harwell was arrested and served with a capias approximately eight months later, and an amended statement of violations adding the fact that he absconded from probation was filed on September 27, 2019.

{¶ 4} The matter was set for hearing on October 17, 2019, and at that time the defendant's attorney agreed to "stipulate to probable cause in the violations." (Oct. 17, 2019 Tr. at 3.) The court continued the case to November 8, 2019 so that it could review some factual details that were discussed at prior proceedings. *Id.* at 12.

{¶ 5} On November 8, 2019, the court noted that "counsel has already stipulated to probable cause in the violations at a prior hearing." (Nov. 8, 2019 Tr. at 3.) When given the chance to speak, Harwell's counsel did not request additional factfinding regarding the violations, but instead presented an argument to mitigate the alleged offenses. *Id.* at 4-7. The parties also agreed that Harwell had served 64 days of local incarceration and was due jail-time credit for that period. *Id.* The court subsequently revoked Harwell's release, sentenced him to four years of incarceration, and certified 64 days of county jail-time credit. *See id.* at 14-15; Revocation Entry at 1-2.

{¶ 6} Harwell did not file a timely appeal, but the court granted his unopposed motion for leave to file a delayed appeal on January 13, 2020. He now asserts two assignments of error with the court's judgment revoking his community-control release, and we observe that the state has conceded some error as to the second assignment.

No. 20AP-5

{¶ 7} Defendant first argues that "it was improper to revoke defendant-appellant's community control as there was no admittance [sic] to a violation and no hearing establishing a specific violation to a resonable [sic] dergree [sic] of certainty." Normally, this court reviews trial court decisions on probation revocation for the presence of "substantial evidence that a probationer willfully violated the terms of his or her probation," and "a trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion." *State v. Roberts*, 10th Dist. No. 09AP-816, 2010-Ohio-1326, ¶ 9, quoting *State v. Miller*, 10th Dist. No. 03AP-1004, 2004-Ohio-1007 at ¶ 10. But because Harwell's counsel did not object to the proceedings below, we must apply the plain error standard. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *E.g.*, *State v. Hammonds*, 10th Dist. No. 06AP-1122, 2007-Ohio-4456, ¶ 8. To constitute "plain error," the alleged error must have occurred, must constitute an obvious defect in the proceedings, and the alleged error must have infringed upon the defendant's substantial rights by affecting the outcome. Id., citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240.

{¶ 8} Harwell relies, almost exclusively, on the United States Supreme Court's decision in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 (1973), in which the court held that before probation can be revoked, due process requires the state to give the probationer written notice of the alleged violation, disclosure of adverse evidence, an opportunity to present evidence in his own behalf and to confront and cross-examine adverse witnesses, an impartial hearing, and written findings supporting the decision to revoke probation. *Id.* at 786. *See also State v. Moore*, 10th Dist. No. 03AP-803, 2004-Ohio-2521, ¶ 3-5. The process establishes a bifurcated hearing, where probable cause to continue is at issue in the

No. 20AP-5

first phase, and the merits of the allegation and sanction are addressed in the second. *See, e.g., State v. Waddell*, 14AP-372, 2014-Ohio-4829, ¶ 8-9, citing *Columbus v. Lacy*, 46 Ohio App.3d 161, 162 (applying *Gagnon* and *Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). While courts frequently and properly combine the two hearings, *see id.*, it is still required that the court find that the violation actually occurred rather than simply finding there is probable cause to believe the violation occurred. *See, e.g., Waddell* at ¶ 10 ("After consulting with appellant, trial counsel indicated that appellant wished to stipulate to probable cause. *Appellant also stipulated that she violated the terms of community control, which would normally be a determination made by the court during the final revocation hearing*."). (Emphasis added).

{¶ 9} Harwell's argument is simple. He argues that the trial court committed a due process violation by finding him in violation of his community control sanctions, because he did not stipulate to an actual violation of the conditions of his sanction, and because the court did not take any evidence that would have allowed it to find that he had violated the conditions of his sanction. He asserts that his stipulation "to probable cause *in the violation*" at the October 17, 2019 hearing was not a stipulation that there were reasonable grounds for the court to find that the violation occurred, and that in the absence of other "substantial evidence" (of which there is none, since none was taken), it was plain error for the court to find him in violation of his community control conditions.

{¶ 10} The state responds that the court's use of "in" on that date was "a typographical error in the transcript," and that really, the defendant "stipulated to probable cause [and] the violations." But aside from the fact that phrasing is itself unclear, the record reveals that at the hearing on November 8, the court used precisely the same language,

No. 20AP-5

which fatally undermines the state's position. Moreover, the state made no attempt to correct or modify the record as provided for in App.R. 9(E).

{¶ 11} In short, even applying plain error review Harwell is correct. A stipulation that there was probable cause to find the violations is simply not equivalent to finding that the state had proven those violations. It was accordingly error for the trial court to move from the probable cause stipulation immediately to sanctioning Harwell and that error was an obvious defect in the proceedings, as he was prejudicially denied his opportunity to put the state to its proof as to the alleged violations. While we observe that as a practical matter it is unlikely that Harwell had any factual defense to the violations with which he was charged, it remains the burden of the state to prove them, and here the state was inadvertently relieved of that admittedly low burden. Because it is improper for an appellate court to presume what would have happened if he had been provided the opportunity to require the state to prove its case, we find that Harwell has demonstrated plain error. Accordingly, his first assignment of error must be sustained and the case must be remanded for a new hearing.

{¶ 12} Harwell next asserts that "[i]t was error for the lower court not to appropriately grant proper jail time credit to defendant-appellant or error not to provide the credit upon resentencing that was previously granted." The trial court's decision whether to grant a motion for jail-time credit is reviewed for an abuse of discretion. *State v. Dean*, 10th Dist. No. 14AP-173, 2014-Ohio-4361, ¶ 5, quoting R.C. 2929.19 (B)(2)(g)(iii) ("At any time after sentencing, an offender may file a motion to correct the jail-time credit determination 'and the court may in its discretion grant or deny that motion.' "). "[T]he award of jail-time credit on a particular case is based only on jail detention 'arising out of

No. 20AP-5

the offense for which the prisoner was convicted.' " *State v. Churchill*, 10th Dist. No. 16AP-763, 2017-Ohio-2875, ¶ 16.

{¶ 13} Here, the State has conceded error and accepts that the revocation entry only awards 64 days of jail-time credit, but that Harwell really should have been awarded a total of 169 days—"64 days in addition to the initial 105 days of jail-time credit he was awarded as part of the original sentencing entry." Harwell, by contrast, argues that he was actually entitled to an additional 107 days over and above that. But because this cause is being remanded, the dispute may be resolved at a new hearing. We therefore conclude that Harwell's second assignment of error is moot and decline to address it further.

{¶ 14} For these reasons, Harwell's first assignment of error is sustained, his second assignment of error is moot, the judgment of Franklin County Court of Common Pleas is reversed, and this cause is remanded.

*Judgment reversed.*

KLATT and NELSON, JJ., concur.